## 9086

CAVE ET AL. v. CAVE ET AL.

(85 S. E. 244.)

MARRIAGE. CONCUBINAGE. ILLEGITIMACY. EVIDENCE. BURDEN OF PROOF.
CHARGE. JUDGMENTS.

1. MARRIAGE—EVIDENCE.—The declarations of the parties about their
marriage, and common repute, are admissible to prove the fact of
marriage.

2. MARRIAGE—CONCUBINAGE—PRESUMPTION.—Where the testimony shows
that parties began to live in concubinage, such relation is presumed
to continue until a different mode of life is proven.

3. CHARGE—BURDEN OF PROOF—REQUESTS.—Where further instructions
as to burden of proof are desired in a charge, they should be
requested.

3a. PARTITION—BURDEN OF PROOF.—Where the plaintiffs, children of a
decedent, sued as his heirs for a partition, the burden was on them
to prove that they were heirs, and the fact that defendants denied
the allegation of the complaint that the plaintiffs were seized in fee
did not throw upon defendants the burden of proving that plaintiffs
were illegitimate.

4. MARRIAGE—EVIDENCE.—The fact of secrecy may be evidence against
the fact of marriage.

5. ILLEGITIMACY—BURDEN OF PROOF.—In a civil action it is not neces-
sary to prove the fact of illegitimacy beyond a reasonable doubt.

6. JUDGMENT—EFFECT.—The record of a judgment in another action,
to which plaintiffs were neither parties nor privies, creates no pre-
sumption as against them, though they introduce it in evidence in
the pending action for some collateral purpose.

7. ILLEGITIMACY—EVIDENCE—BURDEN OF PROOF.—Where the evidence
shows that couple occupied the same house, and tilled the same soil
for 30 years, during which time six children were born to them,
it will be presumed that the children are legitimate, until this pre-
sumption is overcome by evidence to the contrary.

Before RICE, J., Barnwell, May 1914. Reversed, and
new trial ordered.

FOOTNOTE.—See note in 7 L. R. A. 708 as to the cohabitation and
repute as proof of marriage; where cohabitation began unlawfully, see
note in 14 L. R. A. 364; admissibility of declarations and admissions to
prove marriage, see note in 12 L. R. A. 838. Circumstantial evidence
as to marriage, see note in 7 L. R. A. 799; presumptions and burden of
proof as to marriage, see note in 14 L. R. A. 540. As to effect of sub-
sequent ceremonial marriage on presumption arising from matrimonial
cohabitation, repute, declarations and acts of the parties, see note in 16
L. R. A. (N. S.) 98, 100. As to the presumption in favor of legitimacy,
see notes in 8 L. R. A. 102; 10 L. R. A. 662.

Action by Henrietta Cave, Henry Cave, Alonza Cave, George Cave, Savannah Creech, Solina Brown, plaintiffs-appellants, against Evan Cave, Lexie Cave, Mary Johnson, Sallie Creech, Rebecca Bellinger, Willie Kirkland, Carrie Kirkland, Eliza Cave, Harzella McTeer, Albert Cave, Linie Bradley, defendants-appellants. From judgment for the defendants, plaintiffs appeal. The facts are stated in the opinion.

*Mr. James E. Davis,* for appellant, cites: *As to declarations of parents to show illegitimacy of children:* 48 Am. St. Rep. 448. *Rumors cannot overcome presumption of legitimacy:* 2 McC. 227. *Burden to show illegitimacy:* 11 Am. St. Rep. 162; 1 Greenleaf Ev., sec. 28; 1 Bishop, Marriage and Divorce, sec. 1170; 9 Beavan 553; 23 Am. Dec. 777; 17 N. C. 47; 22 Am. St. Rep. 897; 15 Ga. 160. *Presumption as to continuance of existing relationship:* 10 S. C. 502.

*Mr. Thos. M. Boulware,* also for appellants, cites: *As to presumption favoring innocence:* 5 Rich. 452; 10 Rich. 502; 74 S. C. 407.

*Messrs. J. O. Patterson, Jr.,* and *Bates & Simms,* for respondents.

May 3, 1915.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The action is for partition of four or five hundred acres of land lying at and near Kline's Station, Barnwell county. One Evan Cave, a negro and once a slave, died in 1901 seized of the land.

He had aforetime cohabited at different periods with two women, one Cassie before and after the war of the sixties, and one Eliza after that war and after the death of Cassie. Both were his wives, no issue is made about that.

By Cassie, Evan had five children and by Eliza he had six children.

In 1902 the children by the first marriage and the wife of the second marriage procured the land to be partitioned amongst themselves, one-third to Eliza, the wife, and two-thirds to the children of Evan and Cassie.

The partition was had by action in the Circuit Court, but the children of Evan and Eliza were not parties thereto, and are confessedly not concluded by that record. Those children brought this action in 1912 or 1913, and made parties the second wife and all the children by both marriages. The pivotal issue for trial was this: Were Evan and Eliza husband and wife before the birth of their children, or any of them, so that such children became heirs of Evan at his death, and entitled to inherit a part of his estate. It is not denied that Evan and Eliza lived and labored uninterruptedly together at one place; that is, they occupied the same house and tilled the soil from the early seventies until the death of Evan, in 1901; and that the plaintiffs are their children; and that some time in the middle nineties, after the birth of the plaintiffs, a colored preacher named Robinson performed for them a marriage ceremony; and it is claimed by the plaintiffs that Evan and Eliza were husband and wife long before that, and some time in the middle seventies, and before the plaintiffs were ever born.

The issue has been twice tried by a jury. In October, 1913, the jury found for the plaintiffs, but the presiding Judge set the verdict aside; the record does not disclose upon what ground.

In 1914 the jury found for the defendants, and from judgment thereon appeal is had here by the plaintiffs.

There are a multitude of exceptions; they cover ten and one-half printed pages, while the two arguments for the plaintiffs, very commendably, cover together only eight printed pages.

The exceptions are altogether too voluminous. One of the appellant's counsel, with great good sense, has argued

the first eighteen exceptions together, and has made .only pointed reference to the 20th and 21st exceptions. The other of appellant's counsel has expressly argued only the 26th exception. This procedure greatly simplifies a consideration of the case, and is much to be commended.

Without multiplicity of words, counsel on both sides have laid bare the real issues between them, and have cited the record and the authorities to sustain their contentions.

We shall not take up the exceptions as they are written, for counsel have not done that. We shall consider the real questions which the briefs have made.

The arguments of the appellants make eight questions: (1) Was it competent to admit in testimony for the defendants the declarations of Evan and Eliza about the character of their association? And also testimony tending to show the general repute of that association? (1st to 18th exceptions, both inclusive.)

(2) Was it in conformity to law for the Court to charge the jury that if it "believed from the evidence that Evan and Eliza began living together in a state of concubinage, or that the original compact between them was illicit, then the law presumes that it continued of that character until it is changed by the lawful understanding and consent of the parties into the relation of marriage?" (26th exception.)

(3) Was it right to charge the jury that the ordinary rule of law is that the plaintiff must prove his case by a preponderance of the testimony, without at the same time instructing the jury that the defendants had the burden put upon them to prove a defense by a preponderance of the testimony? (19th exception.)

(4) Was it right to charge the jury that an agreement to keep the fact of marriage a secret would not invalidate the marriage, but the fact of secrecy may be evidence against the fact of marriage? (24th exception.)

(5) Was it right to refuse to charge the jury that the defendants were bound to establish the fact of illegitimacy beyond a reasonable doubt?

(6) Was the record of the suit for partition had in 1902 between Eliza and the children by Cassie *prima facie* true against the plaintiffs, so that the plaintiffs had cast upon them in this action the burden to overcome that record? (20th exception.)

(7) Was it right to refuse to charge the jury that if the testimony on the issue of legitimacy shall be evenly balanced, the verdict should be in favor of legitimacy? (22d exception.)

(8) Was it right to charge the jury that the burden was on the plaintiffs to prove the fact of legitimacy? (21st exception.)

On some of these there was no serious contention, so we shall not much regard them. The brunt of the argument was directed to the first, second, third, sixth and eighth issues.

We think the Court was clearly right to hear testimony to prove the declaration of Evan and Eliza *about the marriage,* and to hear testimony about the *repute of the marriage.* Hall v. Hall, 11 S. C. L. (2 N. & McC.) 114.

The issue of marriage is not coterminous with that of illegitimacy. A person may be the illegitimate child of one of two married people, or he may be the illegitimate child of two unmarried people. Had it been conceded in this cause that Evan and Eliza were married at the outstart, and thereafter bore children, then it may be that public policy would close the mouth of either to make a declaration against the legitimacy of their reputed child.

The cases cited by appellant's counsel sustain that view; they do not hold that where legitimacy is dependent upon a questioned marriage, the fact of marriage may not be proved or disproved by the declaration of the parties. And

upon like principle the fact of mariage, even though legitimacy depends upon it, may be proved by common repute.

The Court was right on the second issue.

A condition proven to exist is presumed as a fact to so continue until another condition is proven to' exist. Greenleaf on Ev., sec. 41.

So here if the proof lead the jury to believe that Evan and Eliza at the outstart began to live in concubinage, then the presumption of fact is that they so continued until a different mode of life is proven by the plaintiffs. See *Fryer* v. *Fryer,* 9 S. C. Eq. (Rich. Eq. Cases) 98; *Stringfellow* v. *Scott,* 9. S. C. Eq. Cases) 109.

On the third issue the appellants do not deny that the Court was right to instruct the jury that.a plaintiff must prove his case by a preponderance of the testimony, for that is true. The contention is, that the Court ought to have gone further and instructed the jury that the defendants were obliged to prove by a like preponderance a special defense which has been pleaded, to wit, illegitimacy.

The answer pleads no such defense; it merely denied the allegation of the complaint, which was that the plaintiffs were seized in fee of the lands in controversy.

The plaintiffs had to prove the allegations of the complaint by the greater weight of the testimony. Besides, if the plaintiffs desired a fuller instruction thereabout, then they should have requested it.

No argument is made against the correctness of the fourth issue; the Court's instruction in that instance was plainly right.

There is no warrant to hold, on the fifth issue, that the defendants were bound to prove the illegitimacy of the plaintiffs beyond a reasonable doubt. Such is not the law. The appellants rely on a Maryland case, where a mother, confessedly married and living with her

husband, sought to bastardize one of her own offspring. *Scanlan* v. *Walsh,* 81 Md. 118, 31 Atl. 498, 48 Am. St. 448.

About the sixth issue there is more difficulty. The respondents' counsel states in his brief that the partition record was introduced by the plaintiffs as part of their case, and they having introduced it are bound by it. But the *defendants plead* the *record* as a *defense.* The "case does by inference show that the plaintiffs intro- duced the record, but only to prove three plats which were in it, and that the plaintiffs were not parties to it. The Court refers in the charge to the introduction of the record. But at the outstart of the trial plaintiffs' counsel said: "We take it (the Court) will advise the jury * * * the sole question is as to whether or not the parties in this action were made parties to the former proceedingss, and if they were not, whether they are entitled to a share in the partition of this land."

And the Court distinctly charged the jury that the plaintiffs were not bound by the partition suit unless they were parties to it. An inspection of the record showed they were not parties.

Brief reference must here be made to that suit. One Farrel had a mortgage on the land, from Evan. The late Col. Robert Aldrich and Mr. Joseph Brown undertake to divide the land betwixt Eliza as the widow of Evan and the children of Evan by Cassie, and therein to provide for the apportionment of the Farrel mortgage debt betwixt the said wife and children.

The only parties to the action were Farrel and Eliza, and the children of Evan and Cassie. Some of the children of Evan and Eliza may have been in the office of the attorneys at the conference; but some of them were infants, and there is no proof that they were in Court or had any adequate knowledge of what was being done. The issue as to who were the heirs at law of Evan was never litigated,

except in the manner suggested, by a *pro forma* hearing and decree.

The plaintiffs here never had a day in Court at that partition.

Plainly those who were not parties to a cause are not bound by the judgment therein. *McErchen* v. *Cochran,* 12 S. C. L. (McC.) 338; *Kennedy* v. *Simson,* 16 S. C. L. (Harp.) 370; *Hardin* v. *Clark,* 32 S. C. 480, 11 S. E. 304. .

"A judgment is the final determination of the rights of the *parties to the action.*" Code Civil Proc., sec. 304.

It is true the Court instructed the jury that the plaintiffs were not bound by the judgment because they were not parties to the action. But in a subsequent and fuller part of the charge the Court said: "So far as the record is concerned, the presumption is in favor of the statements contained in that record, and when that is introduced in evidence here, and it *shows that the parties in that case who are claimed to be the heirs at law of Evan Cave were his only heirs at law, it rests upon the plaintiffs in this case to come in and show that that is not correct.* (The italics are added.)

The record then was declared by the Court to prove that the children of Evan and Cassie were the only heirs at law of Evan; and the plaintiffs were required to overcome that proof.

The Court gave force and effect to the statements in the record against those who were not parties to it. We are of the opinion that was not the law.

The eighth and last issue we shall consider is close akin to the sixth. The Court practically cast upon the plaintiffs, in the first instance, the burden of proving that they were heirs at law of Evan.

When the plaintiffs proved that Evan and Eliza occupied the same house and tilled the same soil for thirty years, and that they had six children born to them, which bore their name, the presumption arose that these children were legiti-

mate. *Vaugn* v. *Rhodes,* 13 S. C. L. (2 McC.) 227. There-
upon the burden was shifted upon the defendants to prove
that to be false which seemed to be true.

The last sentence of the charge led the jury to understand
that when the defendants had proved the partition record,
then the plaintiffs were required to prove by the "preponder-
ance of the evidence that Evan and Eliza cohabited
together and had children as the result of that cohabi-
tation, and they were in a condition to contract mat-
rimony, and they had these children as a result of that
cohabitation." That is not the law.

The burden was on the defendants to prove by a prepon-
derance of the testimony that the plaintiffs, who seemed to
be lawful children, were in fact bastards.

We are, therefore, of the opinion that upon the last two
grounds considered the plaintiffs are entitled to a new trial,
and it is so ordered.