14553

*EX PARTE* BLIZZARD

(2 Cases)

(193 S. E., 633)

*Messrs. Harry M. Lightsey, W. P. Donelan,* and *D. M. Winter,* for appellant cite:

*Messrs. Gary Paschal* and *John W. Scholenberger,* for respondent, cite:

October 26, 1937.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

William Blizzard, a resident of Richland County, died January 22, 1936. Maggie Blizzard made petition to the Court of Probate to be appointed administrator of his estate, alleging that she was his wife. Lizzie Blizzard also applied for letters of administration, alleging that she was the wife of William Blizzard.

The Judge of Probate took the testimony, heard argument of counsel, and made an order holding that neither of the petitioners was entitled to be appointed administrator. He held that Maggie Blizzard was not so entitled for the reason that, when she married William Blizzard, he had a wife then living from whom he had not been divorced, namely, Lizzie Blizzard; that, therefore, his marriage with Maggie was null and void. He held that Lizzie Blizzard was not entitled to the appointment because she had voluntarily left William Blizzard and married another man, thereby forfeiting all interest in the personal estate of William Blizzard, and any right of dower in real estate, if he owned any.

From this order Lizzie Blizzard did not appeal, and is out of the case, although for some reason she appears in the record as respondent.

Maggie Blizzard appealed from the order of the Probate Judge to the Court of Common Pleas, which appeal was

heard by Judge Greene, who affirmed the order of Probate Judge Smith.

The respondent made a motion to dismiss the appeal, which was heard at the June, 1937, term of this Court; the motion was refused, with leave to renew it at the hearing of the appeal. Strictly speaking, Lizzie Blizzard is no longer a party to this action and has no right to insist upon her motion. The issue is now an academic one, and needs no further attention.

The Court is satisfied with the decree of Judge Greene, and affirms it. It sufficiently states and decides the issues of law and fact; let it be reported.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.