19097

In re ESTATE OF L. Arthur O'NEILL, Jr., Estate of Vernon Wulbern Tobias, Ella O'Neill Newell, and Roas O'Neill Buckner, Appellants, v. The TUOMEY HOSPITAL and John D. Lee, Jr., Administrator C.T.A. of the Estate of L. Arthur O'Neill, Jr., Respondents.

(176 S. E. (2d) 527)

580

*Messrs. John B. Thomas and Marvin H. Wolper,* of Charleston, and *Levi & Wittenberg,* of Sumter, *for Appellants,*

*Messrs Schwartz & Schwartz,* of Sumter, *for Respondents,*

*Messrs. John B. Thomas and Marvin H. Wolper,* of Charleston, and *Levi & Wittenberg,* of Sumter, *for Appellants,* ▮▮▮▮

August 31, 1970.

LEWIS, Justice.

The issues in this appeal arise out of a contest as to the proper jurisdiction for the administration of the estate of L. Arthur O'Neill, Jr., deceased.

Under the provisions of Section 19-401 of the 1962 Code of Laws, the estate of the deceased must be administered in the county in which he was "last an inhabitant."

The deceased left a will and proceedings were instituted in the Probate Court for Sumter County for the administration of his estate, including the probate of his will which left the estate largely for charitable purposes. Appellants (the sole heirs-at-law if deceased had died without a will) interposed objection to the jurisdiction of the court upon the ground that the deceased was allegedly an inhabitant of Charleston County at the time of his death and therefore, under Section 19-401, *supra,* the Probate Court for Charleston County had exclusive jurisdiction over the estate. The issue of jurisdiction, which admittedly involved solely a determination of the county in which deceased was last an inhabitant, was heard by the Probate Judge for Sumter County. After hearing considerable testimony, he concluded that the deceased was last an inhabitant of Sumter County, within the meaning of the foregoing statute, and accordingly retained jurisdiction.

Prior to the determination of the jurisdictional question, an administrator, C. T. A., was appointed and the will was admitted to probate in common form, followed by a request by appellants that the will be proved in solemn form—all subject to the objection to jurisdiction.

Following the retention of jurisdiction by the Probate Court for Sumter County, an appeal was taken to the circuit

court which affirmed the findings of the probate judge that jurisdiction was properly laid in Sumter County. This appeal followed.

Upon the appeal from the probate court, appellants, requested a jury trial of the factual issue upon which jurisdiction was based. The circuit judge denied the request and heard the appeal without a jury. Appellants first contend that the refusal of their request for a jury trial was error.

Section 7-201 of the 1962 Code of Laws provides that "the circuit court shall have appellate jurisdiction of all matters originally within the jurisdicton of the probate court." The present matter was before the crcuit court on appeal from the probate court as authorized by this section.

Upon an appeal being taken from a judgment of the probate court, that court is directed by Section 7-203 of the 1962 Code of Laws to make a return to the appellate court of the testimony, proceedings, and judgment involved. Then Section 7-205 provides as follows:

"When the return shall have been filed in the circuit court as provided in § 7-203, the court shall proceed to the trial and determination of the question, according to the rules of law. If there shall be any question of fact or title to land to be decided, issue *may* be joined thereon under the direction of the court and a trial thereof had by jury." (Emphasis added.)

It is under the quoted provisions of Section 7-205 that appellants claim the circuit judge should have granted their request for a jury trial of the factual issues. With certain exceptions not here involved, the granting of a jury trial under the statute is discretionary with the circuit judge and his ruling thereon will not be disturbed except upon a clear showing of abuse of such discretion. Appellants concede the correctness of the foregoing principles and further properly concede that the present factual issue was one as to which they were not entitled to a jury trial

as a matter of right but that the granting of such was within the discretion of the trial judge.

The argument of appellants is, basically, that, since the factual issue as to the county in which the deceased was last an inhabitant was an important one and determinative of the jurisdictional question, we should hold that the failure to grant a jury trial under such circumstances constituted an abuse of discretion. This is the sole basis for the contention that the circuit judge abused his discretion in this matter.

The importance of the factual issue to a determination of the controversy is not conclusive of the present inquiry and, when considered in the light of the broad discretion granted to the circuit judge in such cases, is insufficient alone to establish the claimed abuse of such discretion. Irrespective however, under all of the facts and circumstances, we find no basis upon which to hold that the circuit judge abused his discretion in denying the request for a jury trial in this case.

Finally, appellants contend that there was insufficient, competent and relevant evidence to sustain the findnig that the Probate Court for Sumter County had jurisdiction over the estate. Included is the position that certain evidence considered by the lower courts was inadmissible.

As previously pointed out, under Section 19-401, jurisdiction to administer the estate is fixed in the county where the deceased was "last an inhabitant." The word "inhabitant" is defined in Webster's New International Dictionary, 3rd Ed., as "a person who dwells or resides permanently in a place as distinguished from a transient lodger or visitor." A person is an inhabitant of a place when he has his domicile there and, in determining inhabitancy under the present statute, the principles governing domicile are applicable. Our decisions have defined domicile as "the place where a person has his true, fixed and permanent home and principal establishment, to which he has,

whenever he is absent, an intention of returning." *Phillips v. S. C. Tax Commission,* 195 S. C. 472, 12 S. E. (2d) 13.

Further references to the meaning of the word "inhabitant" as used in the present connection may be found in 43 C. J. S., Inhabitant, p. 389; 95 C. J. S., Wills, § 352b, footnotes 3 and 4.

■ The question of inhabitancy, as that of domicile, is largely one of intent to be determined under the facts and circumstances of each case.

■ In reviewing the judgment of the probate court, we are governed by the principle, settled by our prior decisions, that the factual findings of the probate judge will not be set aside on appeal unless clearly or manifestly erroneous. *Ex parte* Blizzard, 185 S. C. 131, 193 S. E. 633.

The deceased was born in Charleston, South Carolina. He was never married. He enlisted in the United States Navy in June 1917 and reported for active duty on October 29, 1917. At that time, his mother was dead and his father lived in Charleston. During his military service, he became mentally incapacitated and was discharged in January 1919. He remained mentally incompetent until his death. After the deceased became mentally ill, he was apparently confined in government hospitals until 1965 when he was for some unexplained reason released to the Riverside Geriatric Hospital in Charleston where he was an inmate until his death on May 25, 1968.

■■ Appellants properly concede that, since the deceased became mentally incapacitated while in Military service and remained so incapacitated until his death, the question as to his domicile must be determined as of the time of his entry into the Navy in 1917, over fifty years ago. This is in accord with the principles that the domicile of one away in military service ordinarily remains unchanged during such absence, 28 C. J. S. Domicile § 12g; and an

adult who becomes insane ordinarily retains the domicile he had when he became insane, 28 C. J. S. Domicile § 12e.

The remaining evidence before the probate judge will be summarized.

Appellants presented four witnesses who testified that they had known the deceased and that he was a resident of Charleston until he entered the military service. These witnesses, however, could not state positively that the deceased had not moved to Sumter prior to that time. Appellants also introduced in evidence old City Directories of Charleston which listed the deceased as living in various hotels in the City, apparently where his father was a resident. Also, various records of the Navy Department and the Veterans Administration were presented, which showed the address of the deceased as Charleston, South Carolina.

The present respondents introduced in evidence the records of the probate court in connection with the administration of the will of the deceased, which had been admitted to probate in common form. These proceedings indicate that the will was executed at the office of Lee & Moise, Attorneys, in Sumter, South Carolina, on September 27, 1917, which was between the date of the enlistment of the deceased and his actual entry into active military service. Most of the property to be administered is located in Sumter County and the prime recipient under the will is a scholarship fund which is to be used for the education of worthy Sumter County residents. Other than this, the largest specific bequest was to the Tuomey Hospital located in Sumter County. The executors named by deceased in his will were Sumter residents.

Respondents also introduced in evidence the proceedings in the Probate Court for Sumter County relative to a committeeship for the deceased. It appears that for over thirty-five years prior to the death of the deceased two highly qualified attorneys of Charleston served (at different times) as committee for the deceased under appointments by the

Probate Court for Sumter County, which administered the committeeship. The Probate Court for Sumter County assumed jurisdiction of the committeeship upon a verified petition filed by Mr. Neill O'Donnell, an uncle of the deceased, dated December 16, 1927, which contained, among other allegations, the following:

"That prior to the enlistment of the said L. Arthur O'Neill, Jr. in the United States Navy he was from to time a resident of the City of Sumter, County of Sumter, said State, and sometime prior to his enlistment in the United States Navy he was employed by The First National Bank of Sumter, S. C., at Sumter, S. C."

The same uncle who signed the verified petition in 1927, alleging that the deceased was a resident of Sumter, subsequently filed a petition in 1935 in the Court of Common Pleas for Sumter County relative to the appointment of a guardian *ad litem* for the deceased, in which he stated that the deceased was a resident of Charleston County prior to his enlistment in the United States Navy, which was contrary to his sworn statement in the 1927 proceedings.

We think that there was evidence to support the findings of the probate judge. He had before him the sworn statement of the uncle, filed in the committeeship proceedings in 1927, from which the conclusion could be drawn that the deceased worked in Sumter and was a resident there prior to his entry into service. It is true that in 1935 the uncle filed a contrary statement in a subsequent action, but the conflicts between the statements were for the trier of the facts to resolve. The deceased was mentally incompetent and his guardians had administered his affairs in the Probate Court for Sumter County for over thirty-five years prior to his death. The most of his estate is in Sumter County and the objects of his bounty were to a great extent oriented there. One of his largest bequests was for the education of deserving Sumter County residents, which indicated a close tie to the county. His will was executed in that county and the executors named were residents there.

The issue before the probate judge involved a determination of where the domicile of the deceased was located over fifty years ago, which was a question of intent as evidenced by his acts and declarations. The resolution of the issue was not easy. There is testimony from which the conclusion could be reached that the deceased was an inhabitant of Charleston at the time of his death. However, the facts and circumstances in evidence indicate that the deceased had ties and contacts with Sumter County beyond that of a transient and visitor. There is support for the inference that his domicile was there. While the question is a close one, we cannot say that the factual conclusions of the probate judge were clearly and manifestly erroneous. His findings that the deceased was an inhabitant of Sumter County are accordingly affirmed.

Appellants take the position that the lower court was in error in admitting into evidence the entire proceedings in the probate court relative to the committeeship for deceased. They agreed to the introduction of the foregoing petition from these proceedings, but take the position that any other matters relative to the committeeship were improperly considered. There is no merit in this contention. It is apparent that the only portion of the proceedings considered by the lower court as evidence was the petition of the uncle, admitted without objection, and the undisputed fact that the committeeship was administered by the Probate Court for Sumter County for over thrity-five years. The admission into evidence of the entire committeeship record resulted in no legal prejudice to appellants.

The position is further taken that the will of the deceased was improperly considered by the lower court in determining the issue of inhabitancy or domicile, because the due execution of the will had been denied and it had not been finally admitted to probate in solemn form. We think the will was properly considered on the issue of where the domicile of the deceased was located.

It had been admitted to probate in common form based upon the testimony of the witnesses to the document that it had been proprely executed by the deceased. Such was sufficient to establish its competency. The declarations contained therein were entitled to consideration just as any other declarations of the deceased, which might cast light on the question of domicile, and were relevant to the issue. The probative value of the contents of the will was for the court to determine.

The North Carolina case of *Wells v. Odum*, 205 N. C. 110, 170 S. E. 145, relied upon by appellants, has no application to the admissibility of the present will. In that case, the issue concerned the validity of the will and the court quite properly held that the fact of its probate in common form had no probative value in an action to prove the will in solemn form.

Affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.