20599

Woodrow K. KIRBY, Respondent, v. Albertine D. KIRBY, Appellant.

(241 S. E. (2d) 415)

138

*Kenneth E. Merriman,* of Florence, *for Appellant,*

*James M. Connor,* of Kingstree, *for Respondent,*

February 8, 1978.

GREGORY, Justice:

This appeal is from the order of the lower court awarding respondent an equitable interest in appellant's property. Appellant also appeals the lower court's finding that appellant and respondent do not have a common-law marriage and the lower court's denial of her request for an accounting of the rents and incomes from her property. We hold the parties have a valid common-law marriage; reverse the award to respondent of an equitable interest in appellant's property; and affirm the denial of appellant's request for an accounting.

Appellant and respondent began residing together as husband and wife in 1956 while appellant, with respondent's knowledge, remained married to a third party. Appellant obtained a divorce from the third party in 1960 and continued residing with respondent until 1976. Four children were born to this union, two before appellant's divorce and two after.

Prior to 1973 the parties made their home in a house owned by respondent. In 1969 appellant purchased a farm and farmhouse. The down payment for the purchase was made with her separate funds, and the mortgage payments were made with income derived from the farm. Respondent's funds were not used in the purchase. In 1972 respondent sold his house and applied the proceeds to the renovation of appellant's property . After the improvements were completed the parties and their children moved into the renovated farmhouse.

The parties separated in 1976 and appellant placed the farm and farmhouse up for sale. Respondent brought this action to recover a portion of the proceeds from that sale

equal to the value of the improvements he made to the property.

By way of answer to respondent's complaint appellant alleged the existence of a common-law marriage between the parties and asserted that all improvements made by respondent upon her property were gifts. Appellant further requested an accounting of all rents and profits derived from respondent's use of her property.

The lower court denied appellant's request for an accounting; found no common-law marriage between the parties; and declared respondent the equitable owner of appellant's farm and farmhouse to the extent of $20,691.64. Exceptions were taken and this appeal followed.

In an equity action tried by the judge alone, without a reference, this Court has jurisdiction to find facts in accordance with its own views of the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

The party claiming a common-law marriage must prove the same by the preponderance of the evidence. *Ex Parte Blizzard,* 185 S. C. 131, 193 S. E. 633 (1937).

The difference between marriage and concubinage in the circumstances stated rests in the intent of the cohabiting parties; the physical and temporal accompaniments of the cohabitation may be the same in both cases, but the intent in the two cases is widely apart always. The intent in marriage is usually evidenced by a public and unequivocal declaration of the parties, but that is not necessary; the intent may exist though never public and formally declared; nevertheless the intent must exist. . . . It is true that when the intent has not been formally and publicly declared, . . . it may yet rest in circumstances. See *Fryer v. Fryer,* 9 S. C. Eq. (Rich. Eq. Cas.) 85; *Stringfellow v. Scott,* 9 S. C. Eq. (Rich. Eq. Cas.) 109, note; *Lucken v. Wichman,* 5 S. C. 411; *Black-*

*burn v. Crawfords,* 3 Wall. 195, 18 L. Ed. 186; 2 Kent (14th Ed.) bottom page 120, note. *Tedder v. Tedder,* 108 S. C. 271, 94 S. E. 19, 20, 2 A. L. R. 438 (1917).

Here, it is conceded that the relationship between the ■ parties was illicit at the outset. Since "a condition proven to exist is presumed as a fact to so continue until another condition is proven to exist," *Cave v. Cave,* 101 S. C. 40, 85 S. E. 244, 246 (1915), the presumption of fact is that the illicit relationship continued after the impediment to marriage was removed. Thus, the removal of the impediment to marriage by appellant's divorce in 1960 did not *ipso facto* convert the parties' illicit relationship into a common-law marriage. After the barrier to marriage has been removed there must be a new mutual agreement either by way of civil ceremony or by way of recognition of the illicit relation and a new agreement to enter into a com-. mon-law marriage. *Byers v. Mount Vernon Mills, Inc.,* 268 S. C. 68, 231 S. E. (2d) 699 (1977). This new agreement must be shown to exist by the preponderance of the evidence. *Ex Parte Blizzard, supra.*

The record fully supports appellant's contention that ■ the parties have a common-law marriage. The parties consistently represented themselves as husband and wife in their community. Respondent engaged in several real estate transactions between 1956 and 1976 and requested appellant to renounce her dower rights on each occasion. Respondent and appellant appear as husband and wife on their children's birth certificates. The parties filed joint federal income tax returns.

Although respondent attempted to refute the existence of a common-law marriage, he nevertheless testified that while living with appellant he had considered her to be his wife.

Appellant testified that after her divorce she and respondent agreed to obtain a ceremonial marriage but "never got around to it." This was not an agreement to "enter into an illicit intercourse for the present; and postpone their mar-

riage to a more convenient occasion," *Fryer v. Fryer*, 22 S. C. (Rich. Eq. Cas.) 85 (1832), but was a recognition by each of their illicit relationship and an expression of intent to enter into a new marital arrangement. After appellant's divorce the parties agreed to marry and then lived together without separation for sixteen years, all the while treating each other in every respect as husband and wife. In our view the preponderance of the evidence demonstrates the parties' new mutual agreement to enter into a common-law marriage.

Since the parties were married at the time respondent made the improvements to appellant's property the law presumes a gift of these improvements to her. *Caulk v. Caulk*, 211 S. C. 57, 43 S. E. (2d) 600 (1947). Nothing in this case overcomes that presumption, and we are of the view respondent is not entitled to a portion of the proceeds from the sale of appellant's property.

Appellant also appeals the lower court's denial of her request for an accounting of the rents and incomes from the farm. The lower court denied this request after finding that all funds obtained from the use of the farm were utilized in making mortgage payments upon the property and in support of the parties and their children. The preponderance of the evidence supports this conclusion, and we affirm the order of the lower court on this point.

Accordingly, we reverse the finding of the lower court that the parties do not have a common-law marriage; reverse the award to respondent of an equitable interest in appellant's property, and affirm the denial of appellant's request for an accounting.

Affirmed in part and reversed in part.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.