### 1025

Melvin WEATHERS, Appellant v. Robert P. BOLT, Administrator of The Estate of Virginia B. Morris, Respondent.

(361 S. E. (2d) 773)

Court of Appeals

*Charles E. Lober,* Greenwood, *for appellant.*

*Paul Culbertson,* Laurens, *for respondent.*

Heard Sept. 21, 1987.

Decided Oct. 12, 1987.

CURETON, Judge:

In this probate matter, the circuit court affirmed an order of the probate court finding Weathers was not the common-law husband of the deceased, Virginia B. Morris. Weathers appeals. We affirm.

Weathers married Dorothy Terry in the 1940's. He later lived with, married and divorced Leona Head. He then married Mildred Arrowood. This marriage was annulled in December 1970 because of Weathers' prior marriage to Dorothy Terry. Terry died in 1977. Weathers and Morris began living together in 1970 and continued to cohabitate until her death in 1985.

The probate judge ruled the evidence insufficient to establish a common-law marriage. He found Morris' sometime use of the surname Weathers was "out of convenience and to ease the 'stigma' that some people attach to living together. . . ." He noted Weathers was already married when he began living with Morris in 1970 and there was insufficient evidence of a new marriage agreement after the impediment to marriage was removed. There was testimony from a niece of Morris that subsequent to the removal of Weathers' impediment to marry, Morris still considered herself not married to Weathers. The circuit court concluded the probate court's findings were not "clearly erroneous."

Weathers first complains the circuit court failed to consider all of the evidence presented to the probate judge and instead reviewed the evidence to determine only if there was *any* evidence to support the factual findings of the probate court. We perceive no error in the circuit court's ruling.

Because a factual question existed as to whether there was a marital contract between Weathers and Morris, the circuit court could review all of the evidence presented to the probate judge to determine if it supported his findings and

conclusions.[1] Nevertheless, that court in its appellate capacity should not disturb the probate judge's findings of fact unless they are manifestly or clearly erroneous. *Payton v. Payton*, 270 S. C. 275, 278, 241 S. E. (2d) 901, 903 (1978) *cert. den.* 439 U. S. 847, 99 S. Ct. 145, 58 L. Ed. (2d) 148 (1978); *Estate of O'Neill v. Tuomey Hospital*, 254 S. C. 578, 584, 176 S. E. (2d) 527, 530 (1970); *Sartor et al. v. Fidelity & Deposit Co.*, 160 S. C. 390, 158 S. E. 819 (1931); *Estate of Stanley v. Sandiford*, 287 S. C. 148, 149, 337 S. E. (2d) 248, 249 (Ct. App. 1985).

Although the circuit court in its order refers only to the testimony of one witness as support for the probate court's findings, we do not view such reference to suggest that there is no other evidence that reasonably supports the probate court's decision. Moreover, we think the circuit court's deference to the probate court's findings was correct because it is apparent from the record credibility of witnesses was a key consideration in weighing the evidence. It is axiomatic that the probate court was in the best position to judge credibility. *Ex Parte Blizzard*, 185 S. C. 131, 193 S. E. 633 (1937) ("The probate judge had an opportunity to see and hear the witnesses, judge their credibility and the weight to be attached to their testimony").

It is well settled under the authority of *Payton v. Payton, supra, Johnson v. Johnson*, 235 S. C. 542, 112 S. E. (2d) 647 (1960), and *Campbell v. Christian*, 235 S. C. 102, 110 S. E. (2d) 1 (1959), that the instant case is one at law. Thus, while the circuit court was free to review the evidence for sufficiency, we are not. "Our review of the circuit decree is limited to a determination of whether or not there is any evidence reasonably warranting the factual conclusions reached by the Circuit Judge." *Johnson v. Johnson*, 235 S. C. at 546, 112 S. E. (2d) at 649. We have no difficulty finding some evidence to support the factual conclusions of the circuit court.

---

[1] The record reflects no request for a jury trial on any factual issue pursuant to Section 18-5-50, *South Carolina Code of Laws*, 1976, in effect at time of appeal to the circuit court. Therefore, the circuit court's review was limited to the record made before the probate court and contained in the return of the probate judge. *See Payton v. Payton, supra.*

Weathers' concluding argument is both the probate court and circuit court erred as a matter of law in holding he and Morris were required to enter into a new marriage contract after his impediment to contract marriage was removed. He relies on the exception announced in *Bannister v. Bannister,* 150 S. C. 411, 148 S. E. 228 (1929), to the effect that if the parties enter into a contract of marriage believing in "good faith" that they are capable of marrying and after the removal of all impediments they continue the relationship, they are considered man and wife from the date they became free to marry. The only evidence on this point came from Weathers who testified Dorothy Terry told him she obtained a divorce. He made no effort to verify the divorce and in fact testified he did not know whether or not he was ever divorced from Terry prior to her death in 1977. He acknowledged he was aware that subsequent to the commencement of his relationship with Morris, his marriage to Mildred Arrowood was annulled because of his prior marriage to Terry. It is apparent the probate and circuit courts simply did not believe Weathers' testimony on the good faith issue, in light of overwhelming evidence to the contrary. We find no error in the trial court's implicit ruling that the parties did not enter the relationship in good faith believing they each had the capacity to marry. This argument is therefore without merit.

The order of the circuit court is

Affirmed.

SHAW and BELL, JJ., concur.