1158

RICHLAND MEMORIAL HOSPITAL, Respondent v. Johnnie Mae ENGLISH, Appellant

(369 S. E. (2d) 395)

Court of Appeals

*Hemphill P. Pride, II*, of *Law Firm of Hemphill P. Pride, II*, Columbia, *for appellant.*

*Charles E. Carpenter, Jr.*, and *Samuel F. Crews, III*, both of *Richardson, Plowden, Grier & Howser*, Columbia, *for respondent.*

Heard March 23, 1988.

Decided May 9, 1988.

SHAW, Judge:

Respondent, Richland Memorial Hospital (hereinafter RMH), brought an action against appellant, Johnnie Mae English, for money owed for services provided to a Mr. Paul Nesbitt. From an order holding her liable for the debt, Ms. English appeals. We affirm.

Paul Nesbitt was admitted to RMH on March 5, 1985 and remained there until he passed away on April 10, 1985. While there, he incurred unpaid medical expenses of $18,063.70. RMH instituted this suit against Ms. English, claiming she was legally responsible for these medical necessities as the spouse of the deceased. (See *Richland Memorial Hospital v. Burton*, 282 S. C. 159, 318 S. E. (2d) 12 (1984) holding the necessaries doctrine allows third parties providing necessaries to a husband or wife to bring an action against the individual's spouse). The trial judge found Ms. English was the common law wife of Mr. Nesbitt and ordered that judgment be entered against her in the amount of $18,063.70.

The issues to be decided on appeal are (1) whether the trial judge erred in proceeding to hear this case without a jury and (2) whether the trial judge erred in finding a common law marriage existed between the defendant and the deceased.

I.

Ms. English first contends the trial judge erred in proceeding with the matter as, even though the case was placed on the non jury roster, she had requested a jury trial on both her motion to dismiss and her answer. The transcript of record indicates the presiding trial judge, Judge McGowan, referred this matter to the administrative judge, Judge An-

derson. Judge Anderson refused to remove the case from the non jury roster because she registered no complaint at either a "purge meeting" for non jury or at a pretrial conference with Judge McGowan.

The order of Judge McGowan makes no finding with ██ regard to Ms. English's right to a jury trial. This is the only order from which an appeal was taken. Ms. English failed to appeal from Judge Anderson's order and therefore this issue is not properly before us. Further, by continuing with the trial before Judge McGowan instead of appealing the order of Judge Anderson, Ms. English waived her right to a trial by jury. (See *Ervin Company v. R. J. Marsh, Inc.*, 274 S. C. 532, 265 S. E. (2d) 520 (1980).)

II.

Ms. English next argues the trial judge erred in finding a common law marriage existed between herself and Mr. Nesbitt. She contends the evidence is insufficient to support such a finding.

It is well settled that the issue of common law marriage is a case at law and our reivew of the circuit decree is limited to a determination of whether or not there is any evidence to support the finding of the trial judge. *Weathers v. Bolt*, 293 S. C. 486, 361 S. E. (2d) 773 (Ct. App. 1987), *Campbell v. Christian*, 235 S. C. 102, 110 S. E. (2d) 1 (1959).

The evidence shows the couple lived together as hus-█ band and wife for some fifteen years. Mr. Nesbitt helped support and raise Ms. English's children, one of whom thought of Mr. Nesbitt as a stepfather and another who saw him as a father. Mr. Nesbitt deeded certain property to Ms. English as his "common-law wife" for love and affection and the sum of $5.00. Further, Mr. Nesbitt's obituary described Ms. English as his widow.

We find ample evidence to support the conclusion of the trial judge. The order below is therefore.

Affirmed.

CURETON, J., concurs.

GOOLSBY, J., concurs in separate opinion.

GOOLSBY, Judge (concurring):

I concur in Part I. I concur in the result reached by Part II of the opinion of Judge Shaw; however, I would affirm the finding of a common law marriage between the appellant Johnnie Mae English and Paul Nesbitt based on the presumption of marriage arising from cohabitation apparently matrimonial and on the failure of Mrs. English to repel this presumption by " 'strong, distinct, satisfactory, and conclusive evidence.' " *Jeanes v. Jeanes,* 255 S. C. 161, 167, 177 S. E. (2d) 537, 540 (1970).

Mrs. English testified she and Mr. Nesbitt lived together, off and on, for a 15-year period. A deed by which Mr. Nesbitt conveyed certain real property to Mrs. English shows Mr. Nesbitt considered Mrs. English to be his common-law wife.

Moreover, the couple acquired a general reputation as being married. Certainly, family members of both believed them to have married. The obituary published at Mr. Nesbitt's death, which used information supplied by Mr. Nesbitt's brother, lists Mrs. English as Mr. Nesbitt's widow. One child of Mrs. English, Alex English, published an article in which he stated Mr. Nesbitt married his mother. Another of Mrs. English's children, Deloris English Young, testified she considered Mr. Nesbitt to be her stepfather.