THIS OPINION HAS NO PRECEDENTIAL VALUE.  
 IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS 
 PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Varanda Odom Roberson,       
Appellant,
 
 
 

v.

 
 
 
Christopher Roberson,       
Respondent.
 
 
 

Appeal From Aiken County
Peter R. Nuessle, Family Court Judge

Unpublished Opinion No. 2005-UP-074
Submitted January 1, 2005  Filed January 
 31, 2005 

AFFIRMED

 
 
 
Vicki Johnson Snelgrove, of Aiken, for Appellant.
Christopher Roberson and Patricia Thomas James, both of Aiken, for Respondent.
 
 
 

PER CURIAM: In this domestic action, Varanda 
 Roberson appeals the family courts failure to recognize her relationship with 
 Christopher Roberson as a common law marriage.  We affirm. [1] 
FACTS
Varanda and Christopher Robersons relationship began with the pair 
 dating in high school.  After conceiving a child in 1992, Varanda and Christopher 
 moved in together, living in this capacity for approximately ten years interrupted 
 only by two periods of separation.  During this period of cohabitation, the 
 parties had four more children.  Sometime during the relationship, Varanda began 
 using Roberson as her surname and Christophers family once listed her as 
 his spouse in an obituary.  School records for the children, who were all named 
 Roberson, listed the parties as Mr. and Mrs. Roberson. Christopher sent 
 flowers addressing her as Varanda Roberson and the two registered for a vacation 
 under the name of Roberson.  
 In January 2003, Christopher left the 
 home he shared with Varanda and the children.  Varanda brought an action in 
 March 2003 seeking custody of the children, child support, alimony, and equitable 
 division of the marital assets.  After a temporary hearing deciding custody, 
 visitation, and child support, the family court bifurcated the issues at trial 
 with the intention to hear initially only the common law marriage issue.  After 
 a trial, the family court found that no common law marriage existed and therefore 
 the court lacked authority to divide the property.  Varanda appeals.
STANDARD OF REVIEW
The issue of common law marriage sounds 
 in law. Richland Mem'l Hosp. v. English, 295 S.C. 511, 513, 369 S.E.2d 
 395, 396 (Ct. App. 1988).  Our review in this case is limited to a determination 
 of whether or not there is any evidence to support the findings of the trial 
 judge. Weathers v. Bolt, 293 S.C. 486, 488, 361 S.E.2d 773, 774 (Ct. 
 App. 1987). Because this action sounds in law, and the existence of a common 
 law marriage is a question of fact, this court is bound by the lower courts 
 factual findings, and its credibility determinations. Barker v. Baker, 
 330 S.C. 361, 370, 499 S.E.2d 503, 508 (Ct. App. 1998). We must affirm if any 
 evidence supports the lower courts findings. Tarnowski v. Lieberman, 
 348 S.C. 616, 619, 560 S.E.2d 438, 440 (Ct. App. 2002).
LAW/ANALYSIS
 Varanda argues that the trial court committed 
 error by failing to recognize a common law marriage existed with Christopher.  
 We disagree.
Section 20-7-420(5) of the South Carolina 
 Code (1985) grants the family court exclusive jurisdiction to hear and determine 
 the validity of marriages.  In South Carolina, a common-law marriage exists 
 if the parties intend to enter into a marriage contract.  Barker at 
 367, 499 S.E.2d at 506.  It is essential to a common law marriage that there 
 shall be a mutual agreement between the parties to assume toward each other 
 the relation of husband and wife.  Cohabitation without such an agreement does 
 not constitute marriage.  Johnson v. Johnson, 235 S.C. 542, 550, 112 
 S.E.2d 647, 651 (1960).  A valid common law marriage requires that the facts 
 and circumstances show an intention on the part of both parties to enter into 
 a marriage contract.  Owens v. Owens, 320 S.C. 543, 545, 466 S.E.2d 
 373, 375 (Ct. App. 1996).  The party claiming a common law marriage must prove 
 it by a preponderance of the evidence.  Yarbrough v. Yarbrough, 280 S.C. 
 546, 551, 314 S.E.2d 16, 18-19 (Ct. App. 1984).  However, direct evidence of 
 the parties intent is not often available, thus the existence of a common-law 
 marriage is frequently proved by circumstantial evidence.  Barker at 
 367-368, 499 S.E.2d at 507.  Typically, the circumstantial evidence relied upon 
 to prove a common-law marriage is the amount of time a couple has lived together 
 and whether the couple publicly held themselves out as husband and wife.  Id.  
 While the presumption of marriage from cohabitation and reputation is ordinarily 
 a rebuttable presumption, the degree of proof to overcome it is generally very 
 high, especially where the parties have cohabitated as husband and wife for 
 a long time.  Owens, 320 S.C. at 546, 466 S.E.2d at 375.  The presumption 
 of marriage can be dispelled only by evidence which is clear, distinct and 
 satisfactory. Id. (quoting Jeanes v. Jeanes, 255 S.C. 161, 167, 
 177 S.E.2d 537, 540 (1970)).  
The family court determined that Christopher presented 
 sufficient evidence that rebutted the presumption of marriage to overcome evidence 
 of the couples long period of cohabitation.  The court found several facts 
 of their behavior important: Christopher neglected to place Varandas name on 
 the deed or mortgage to a new house he bought, his job health insurance covered 
 his children, but not Varanda, and the parties never established joint ownership 
 of property or joint assets.  The court found and the record supports the notion 
 that although Christopher knew Varanda had taken his surname, he was not pleased 
 with the fact and even proposed marriage to her on two occasions, evincing his 
 belief that the parties were not married.  As this is an action at law, we are 
 bound by the family courts findings of fact unless they are without evidence 
 to support them and we find that in the instant case, sufficient evidence exists.
AFFIRMED.
ANDERSON, STILWELL, and SHORT JJ., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.