**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Edward A. Thompson, Appellant,

v.

Theresa Marie Thompson, Respondent.

Appellate Case No. 2016-000122

Appeal From Lexington County
Michelle M. Hurley, Family Court Judge

Unpublished Opinion No. 2017-UP-428
Submitted October 1, 2017 – Filed November 15, 2017

**AFFIRMED**

Charles Thomas Brooks, III, of the Law Office of
Charles T. Brooks, III, of Sumter, for Appellant.

John S. Nichols, of Bluestein Nichols Thompson &
Delgado, LLC, of Columbia, and S. Murry Kinard, of
Kinard & Jones, LLC, of Lexington, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following
authorities: *Simmons v. Simmons*, 392 S.C. 412, 414-15, 709 S.E.2d 666, 667
(2011) ("In appeals from the family court, this [c]ourt reviews factual and legal
issues de novo."); *Callen v. Callen*, 365 S.C. 618, 624, 620 S.E.2d 59, 62 (2005)

(stating that after the removal of an impediment to marriage, "[f]or the relationship to become marital, 'there must be a new mutual agreement either by way of civil ceremony or by way of recognition of the illicit relation and a new agreement to enter into a common law marriage.'" (quoting *Kirby v. Kirby*, 270 S.C. 137, 141, 241 S.E.2d 415, 416 (1978))); *Barker v. Barker*, 330 S.C. 361, 368, 499 S.E.2d 503, 507 (Ct. App. 1998) (stating while direct evidence of the parties' intent is not often available, "the existence of a common-law marriage frequently is proved by circumstantial evidence"); *id.* at 368, 499 S.E.2d at 507 ("The circumstantial evidence typically relied upon to establish a common-law marriage includes evidence establishing that the parties have lived together for an extended period of time and have publicly held themselves out as husband and wife."); *Davis v. Whitlock*, 90 S.C. 233, 246, 73 S.E. 171, 175 (1911) ("[I]f a man and woman enter into a contract of marriage believing in good faith that they are capable of entering into the relation notwithstanding a former marriage, when, in fact, the marriage is still of force, and after the removal of the obstacle of the former marriage the parties continue the relation and hold themselves out as man and wife, such action constitutes them man and wife from the date of the removal of the obstacle.").

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.