**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of: John Thomas Cameron, Decedent,

Linda Seaton-Cameron, Appellant,

v.

Helen L. Cameron, Respondent.

Appellate Case No. 2016-002068

———

Appeal From Charleston County
Carmen T. Mullen, Circuit Court Judge

———

Unpublished Opinion No. 2018-UP-058
Submitted January 1, 2018 – Filed February 7, 2018

———

**AFFIRMED**

———

James D. Gandy, III, of Law Office of James D. Gandy,
III, LLC, of Mount Pleasant, for Appellant.

John Kachmarsky, of Law Office of John Kachmarsky,
of Charleston, for Respondent.

———

**PER CURIAM:**  Linda Seaton-Cameron appeals the circuit court's denial of her
petition to be named the common law spouse of the decedent, John Cameron.  On
appeal, Seaton-Cameron argues the circuit court erred in (1) relying on the parties'

conduct prior to moving to South Carolina as evidence of intent not to enter into a common law marriage, (2) making findings of fact not supported by the evidence, (3) relying on the testimony of an interested witness, and (4) finding sufficient evidence existed to overcome the rebuttable presumption of common law marriage. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the circuit court erred in relying on the parties' conduct prior to moving to South Carolina as evidence of intent not to enter into a common law marriage: *Judy v. Judy*, 384 S.C. 634, 646, 682 S.E.2d 836, 842 (Ct. App. 2009) ("Whether an error is harmless depends on the circumstances of the particular case."); *id.* ("Generally, appellate courts will not set aside judgments due to insubstantial errors not affecting the result."); *id.* ("The admission of improper evidence is harmless where the evidence is merely cumulative to other evidence.").

2.  As to whether the circuit court erred in making findings of fact not supported by the record: *Callen v. Callen*, 365 S.C. 618, 623, 620 S.E.2d 59, 62 (2005) ("Whether a common-law marriage exists is a question of law."); *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976) ("In an action at law, on appeal of a case tried without a jury, the findings of fact of the [circuit court] will not be disturbed up on appeal unless found to be without evidence which reasonably supports the [circuit court's] findings."); *Tarnowski v. Lieberman*, 348 S.C. 616, 619, 560 S.E.2d 438, 440 (Ct. App. 2002) ("Because this action sounds in law, and the existence of a common law marriage is a question of fact, this court is bound by the [circuit] court's factual findings, and its credibility determinations.").

3.  As to whether the circuit court erred in allowing an interested witness to testify: S.C. Code Ann. § 19-11-20 (2014) ("[N]o person who has a legal or equitable interest which may be affected by the event of the action . . . shall be examined in regard to any transaction or communication between such witness and a person [now] deceased, . . . as a witness against a party then prosecuting or defending the action as executor, administrator, heir-at-law, next of kin, assignee, legatee, devisee or survivor of such deceased person . . . when such examination or any judgment or determination in such action can affect the interest of such witness . . . ."); *Brooks v. Kay*, 339 S.C. 479, 486, 530 S.E.2d 120, 124 (2000) ("The rule prohibits any interested person from testifying concerning conversations or transactions with the decedent if the testimony could affect his or her interest."); *id.*

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

(providing the statute will not exclude "testimony where the party asserting the statute 'opens the door' by offering testimony otherwise excludable").

4.  As to whether the circuit court erred in finding there was sufficient evidence to overcome the rebuttable presumption of common law marriage: *In re Estate of Duffy*, 392 S.C. 41, 46, 707 S.E.2d 447, 450 (Ct. App. 2011) ("The party seeking to establish the existence of a common law marriage carries the burden of proof."); S.C. Code Ann. § 62-2-802 (Supp. 2017) (providing "if the action is commenced after the death of the decedent, proof must be by clear and convincing evidence"); *Callen*, 365 S.C. at 624, 620 S.E.2d at 62 ("[W]hen the proponent proves that the parties participated in 'apparently matrimonial' cohabitation, and that while cohabiting the parties had a reputation in the community as being married, a rebuttable presumption arises that a common-law marriage was created." (quoting *Jeanes v. Jeanes*, 255 S.C. 161, 166-67, 177 S.E.2d 537, 539-40 (1970))); *Jeanes*, 255 S.C. at 167, 177 S.E.2d at 539 ("Where there is enough to create a foundation for the presumption of marriage, it can be repelled only by the most cogent and satisfactory evidence."); *Barker v. Baker*, 330 S.C. 361, 370, 499 S.E.2d 503, 508 (Ct. App. 1998) ("[T]he question is not what conclusion this [c]ourt would have reached had it been the fact-finder, but whether the facts as found by the [circuit] court have evidence to support them.").

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**