### HALLUMS v. HALLUMS.

1. MARRIAGE.—FINDINGS as to the validity of a marriage affirmed because appellant does not show that such finding is against the preponderance of the evidence.
2. IBID.—PRESUMPTIONS.—There being direct evidence that a second marriage was legally solemnized, there is no reason to resort to presumption in favor of its validity. There is no presumption that a former marriage solemnized in due form was illegal at time of performance.

Before DANTZLER, J., Pickens, December, 1905. Affirmed.

Action by Ella Hallums against Isaac Hallums *et al.* From circuit decree, plaintiff appeals.

*Messrs. Haynesworth & Robinson* and *Morgan & Mauldin,* for appellant, cite: Starkie on Ev., 938, 939; 26 S. C.,

256; 4 McC., 256; 2 N. & McC., 115; 10 S. C., 503; 3 Rich., 434; 19 Ency., 1209; 31 L. R. A., 414; 14 L. R. A., 540; 22 Am. R., 224; 69 Am. St. R., 649; 1 Bish. M. & D., sec. 956; 12 Am. St. R., 453; 6 How., 550.

*Mr. J. P. Carey,* contra, cites: 19 Ency., 1206; 19 Am. St. R., 408; 71 N. Y., 423; 57 Am. R., 454; 20 Am. St. R., 316; 30 Am. R., 466; 4 N. Y., 230; 19 Ency., 1208, 1209; 10 S. C., 502; 22 Am. Dec., 160; 2 Am. St. R., 105.

June 25, 1906.  The opinion of the Court was delivered by

MR. JUSTICE GARY.  The facts are thus stated in the decree of his Honor, the Circuit Judge:

"On the 24th day of December, 1895, the plaintiff and one Bill Williams were married.  Subsequently, during the year 1899, a marriage ceremony was performed between the plaintiff and one Nero Hallums, now deceased; and, as the alleged widow of Nero Hallums, she claims, in this action, to be entitled to a distributive portion of his estate.  Her claim is resisted by the defendants, on the ground that her alleged intermarriage with Nero Hallums was an illegal and void marriage, she, at that time, as is contended, having a living husband, to wit: Bill Williams.

"The vital questions are: (1) was the marriage ceremony between the plaintiff and Bill Williams on the 24th day of December, 1895, a valid contract of marriage? and (2) if so, was he living at the time of the performance of the marriage ceremony between the plaintiff and Nero Hallums?

"It is contended by the plaintiff that, on the 24th day of December, 1895, at the time of her marriage with Bill Williams, he was, then, a married man, and that, therefore, the marriage with him was void, and that, consequently, she was free to make a contract of marriage with Nero Hallums.

"There was a formal actual marriage ceremony performed between the plaintiff and Bill Williams in the year 1895;

and a formal actual marriage ceremony performed between the plaintiff and Nero Hallums in the year 1899. But there is no evidence of an actual marriage of Bill Williams with another woman previous to December, 1895."

The Circuit Judge then proceeds to state his conclusions as follows: "But presumptions of law, arising from declarations and conduct, are relied upon to establish such previous alleged marriage. Are such declarations *?* ' conduct as testified to, sufficient to establish, by presumption, a marriage between Bill Williams and another woman previous to December, 1895, so as to make void his actual marriage with the plaintiff of that date?

"The general rule is that, in order for a marriage to be established by presumption of law, arising from reputation, the 'reputation must be general and uniform.' But when a marriage in fact has been established and it is sought to be impeached and to be made void by proof of a prior marriage by reputation, the testimony should be clear and convincing, the presumption of law being in favor of 'innocence and marriage' and against bigamy. Am. & Eng. Law (2d ed.), 1206, 1207.

"In the case at bar, the testimony, in relation to an alleged prior marriage between Bill Williams and another woman, is insufficient to annul and make void his actual marriage with the plaintiff in December, 1895.

"Nor is the testimony sufficient to show that, in 1899, at the time of the performance of the marriage ceremony between the plaintiff and Nero Hallums, Bill Williams was dead.

"It follows, therefore, that the marriage between the plaintiff and Bill Williams having been a valid contract of marriage and not dissolved by the death of the latter at the time of the performance of the marriage ceremony between the former and Nero Hallums, the complaint should be dismissed."

The plaintiff appealed upon five exceptions, four of which

assign error on the part of the Circuit Judge in his findings of fact. The appellant has failed to show that such findings were against the preponderance of the evidence and the exceptions assigning error in this respect are overruled.

The fifth exception raises the issue which seems to have been regarded by the respective attorneys upon the hearing in this Court as the vital question in the case. That exception assigns error, because "His Honor should have held that the presumption of law is in favor of the validity of the last marriage between the plaintiff and Nero Hallums, and is against the validity of any prior marriage."

In 89 Am. St. Rep., 200, 206, there is a note to the case of *Pettinger* against *Pettinger*, 28 Colo., 308, in which the authorities are reviewed and the conclusion of the annotator expresses so clearly our views as to the principles applicable to this case, that we reproduce his language in full, which is as follows: "It is apparent, then, from the English, as well as the best considered American cases, that there is no unbending presumption in favor of a second marriage or of the innocence of the parties, but, on the contrary, that the decision of any particular case must rest on its own attending facts and circumstances. Moreover, it is believed that little force should be given this artificial presumption in order to meet the exigencies of a given case. There appears no intimation in the English cases, so far as they have come under our observation, that the dissolution of a former marriage by divorce will be presumed in favor of the validity of a second marriage or of the innocence of the parties to it, although some of the earlier ones have been cited in this country as authority for that proposition. Nevertheless, the authorities affirming this docrine are numerous, as has already been shown, and it may be considered as settled that such a presumption, in a proper case, may be indulged. However, the presumption of the dissolution of a prior marriage, whether by death or divorce, should

be indulged with caution. We apprehend that such presumptions sometimes have been made with very little justification. A rule of law which allows an artificial or technical force to be given evidence, which warrants such presumption, beyond its natural tendency to convince the mind, and requires courts and juries to presume as true that which probably is false, cannot but be fraught with dangerous consequences. In case there is a conflict of presumption, it would appear more reasonable that that one should yield which has the least probability to sustain it, rather than that the one in favor of innocence and of the validity of the subsequent marriage should prevail. See *Clayton* vs. *Wardell,* 4 N Y., 230; *O'Gara* vs. *Eisenlohr,* 38 N. Y., 296; *Northfield* vs. *Plymouth,* 20 Vt., 582, 590."

There was direct testimony to the effect that the plaintiff and Nero Hallums entered into the contract of marriage which was solemnized in accordance with the usual ceremony. This was sufficient in the first instance to establish the fact of marriage and there was no necessity to resort to the doctrine of presumption in favor of its validity. So on the other hand when there was direct and positive testimony that the plaintiff and Bill Williams entered into the contract of marriage (which was likewise solemnized according to the usual ceremony) which showed *prima facie* that the marriage was valid.

The appellant, however, contends that the presumption is that the marriage between the plaintiff and Bill Williams was illegal. The effect of such presumption would be against the innocence of Bill Williams, and the law will not raise the presumption of his guilt in order to protect the rights of the plaintiff.

While we have been referred to cases in which there was a presumption of a divorce or death of one of the contracting parties since the prior marriage in order to sustain the second marriage, we have not been able to find any case in which there was a presumption that the first marriage was illegal at the time it was solemnized in due form. The

reason that no such cases are to be found is that all pre-
sumptions are in favor of innocence.

It is the judgment of this Court, that the judgment of
the Circuit Court be affirmed.

THE CHIEF JUSTICE *concurs with great hesitation.*