0076

Arlene M. YARBROUGH, Appellant, v. Tom J. YARBROUGH, Respondent.

(314 S. E. (2d) 16)

Court of Appeals

*D. Kenneth Baker* and *Dorothy L. Mobley,* of *Baker, Purvis & Mobley,* Darlington, *for appellant.*

*Jack L. Nettles,* Florence, *for respondent.*

Heard Dec. 14, 1983.

Decided Feb. 15, 1984.

CURETON, Judge:

Arlene Yarbrough appeals from the order of the family court finding her eighteen-year marriage to Tom Yarbrough void and thereon, denying her petition for a divorce, alimony and an equitable division of the property. We reverse and remand.

The facts in this case establish a myriad of multiple marriages coupled with a dearth of documented divorces. Tom Yarbrough ceremonially married Varnelle in 1947 or 1948. It was his first marriage and it lasted about a year. For reasons best known to him, he no longer remembers Varnelle's maiden name.

Tom's second liaison was with Martha Keim for whom he left Varnelle. Tom and Martha lived together some ten or eleven years, holding themselves out as husband and wife. Their four children were all surnamed "Yarbrough." Their documented transactions, including the children's birth certificates and the joint bank account, listed their relationship as that of husband and wife.

Tom testified he never divorced Varnelle. Though he was told by his brother that Varnelle divorced him and remarried, he never received divorce papers. He last saw Varnelle about six months after leaving her, though she knew how he could be located.

Martha was previously married to Fred Randall. She never divorced him. Tom testified that while living with Martha, she told him that Fred had divorced her. To his knowledge, she received no documentation of the divorce.

In his third liaison, Tom left Martha and began living with the appellant, Arlene Yarbrough. Although Arlene was married at the time, her husband subsequently divorced her. Thereafter, she and Tom were ceremonially married on November 26, 1960.

Tom never divorced Martha. He received no divorce papers from her but did hear that she remarried some six or more years prior to the hearing of this case.

Tom and Arlene separated on July 10, 1978 following Arlene's allegations that Tom was involved with another woman. Arlene initiated this suit for divorce and the settlement of property rights. Tom denied the validity of the marriage, and therefore, Arlene's right to the relief prayed for in the petition.

By order dated May 2, 1981, the family court denied Arlene's petition for a divorce based on adultery or a year's separation, alimony and an equitable distribution of the marital property. Its key findings were: (1) Tom was incapable of contacting a valid marriage with Arlene on November 26, 1960 because he was married to either Varnelle or Martha; (2) under South Carolina law, the doctrine of equitable estoppel does not bar Tom's testimony regarding the void marriage; and (3) lacking a valid marriage, the court has no jurisdiction to order the payment of alimony or the distribution of property.

The sole issue before the Court is whether the preponderance of the evidence supports the family court's finding that Tom Yarbrough was married to either Varnelle or Martha at the time he married Arlene. Since the denial of a divorce, alimony and a property division was predicated on this finding, the denial can stand only if the finding is affirmed by this Court.

The Court has jurisdiction, on an appeal from an order of the family court, to find facts in accordance with its view of the preponderance or greater weight of the evidence, and may reverse a factual finding by the trial court when satisfied that the finding is against the preponderance

of the evidence. *Clinkscales v. Clinkscales,* 275 S. C. 308, 270 S. E. (2d) 715 (1980). We find, from a preponderance of the evidence, that a valid marriage existed between Tom and Arlene Yarbrough from which Arlene is entitled to a divorce on the ground of a year's separation.

It is undisputed that if on November 26, 1960 Tom was married to and not divorced from either Varnelle or Martha, his marriage to Arlene was void. Section 20-1-80, Code of Laws of South Carolins, 1976, provides:

> All marriages contracted while either of the parties has a former wife or husband living shall be void. But this section shall not extend to a person whose husband or wife shall be absent for the space of seven years, the one not knowing the other to be living during that time, nor to any person who shall be divorced or whose marriage shall be declared void by the sentence of a competent court.

There is little dispute that Arlene established, prima facie, the existence of her marriage to Tom. 52 Am. Jur. (2d) *Marriages* Section 127 (1970). Once a marriage is shown to exist, the person attacking its validity has the burden of proving invalidity. *Day v. Secretary of Health and Human Services,* 519 F. Supp. 872, 878 (D. S. C. 1981); 52 Am. Jur. (2d) *Marriages* Section 129 (1970). Where the evidence shows that the same person entered into a conflicting marriage, a presumption arises that the former marriage was dissolved by death or divorce. *Hallums v. Hallums,* 74 S. C. 407, 54 S. E. 613 (1905). If the law raises a presumption in favor of one party to litigation, the burden of going forward with the evidence devolves on the other party. 52 Am. Jur. (2d) *Marriages* Section 130 (1970).

As between the parties, Arlene was less at fault in bringing about the present controversy and should not bear the burden of proving that Tom's prior marriages were nonexistent. Tom had the burden of showing by the preponderance of the evidence that he was married to and not divorced from either Varnelle or Martha. With respect to his relationship with Varnelle, we find that Tom did not carry his burden of presenting sufficient evidence to overcome the presumption under *Hallums* that the marriage was terminated by divorce or death.

Coupled with the presumption of divorce, there was testimony that Varnelle divorced Tom. Arlene testified that Tom told her Varnelle divorced him. Tom's sister testified without objection that she was told Varnelle divorced Tom and remarried. Against this evidence, Tom's testimony that he never received divorce papers or knew if Varnelle divorced him is unpersuasive and fails to rebut the presumption of divorce.

With respect to Tom's relationship with Martha, we find that Tom did not carry his burden of presenting sufficient evidence to overcome the presumption that an illicit relationship between the two continued. It is settled that the person claiming a common law marriage must prove it by the preponderance of the evidence. *Kirby v. Kirby*, 270 S. C. 137, 241 S. E. (2d) 415 (1978). A relationship illicit at its inception does not ripen into a common law marriage once the impediment to marriage is removed. Instead, the law presumes that the relationship retains its illicit character after removal of the impediment. *Kirby*, 241 S. E. (2d) at 416. In order for a common law marriage to arise, the parties must agree to enter into a common law marriage after the impediment is removed, though such agreement may be gathered from the conduct of the parties. *Byers v. Mt. Vernon Mills*, 268 S. C. 68, 231 S. E. (2d) 699 (1977).

Tom had the burden of convincing by the greater weight of the evidence that (1) Varnelle divorced him, removing his impediment to a common law marriage with Martha; (2) Fred divorced Martha, removing her impediment to marriage; and (3) after removal of both impediments, he and Martha agreed to enter into a common law marriage. Tom's evidence as to all three elements is unconvincing, especially when coupled with the presumption that the illicit relationship continued.

Tom testified that he never received divorce papers from Varnelle but was told she divorced him and remarried. For a party having the burden of proving Varnelle's divorce, this testimony is unpersuasive. The same is true regarding Fred's purported divorce from Martha. The only testimony was that Martha told Tom that Fred divorced her. The evidence in reference to the third element, a mutual agreement to enter a common law marriage after removal of the impediments, was equally unconvincing. Tom stated that

the relationship continued without change after he and Martha heard that their respective spouses had secured divorces. It is clear that Tom's evidence fails to rebut the presumption that the illicit relationship continued and no common law marriage occurred.

Having found that a valid marriage existed between Tom and Arlene, we hold that Arlene is entitled to a divorce on the ground of a year's separation. The case is remanded to the trial court for entry of an order of divorce, a determination of whether Mrs. Yarbrough should receive alimony and an equitable distribution of the marital assets. Our decision does not bar Mrs. Yarbrough from establishing Mr. Yarbrough's marital fault to the extent it might be a factor in determining appropriate alimony or equitable division of the assets.

Accordingly, the judgment of the family court is reversed and the case is remanded for proceedings consistent with this decision.

Reversed and remanded.

SHAW and GOOLSBY, JJ., concur.