22186

Richard Tony WHITE, Appellant, v. Patricia Searles WHITE, Respondent.
(323 S. E. (2d) 521)

Supreme Court

*Daniel J. Farnsworth,* Greenville, *for appellant.*

*Timothy L. Brown,* Greenville, *for respondent.*

Heard Oct. 2, 1984.

Decided Nov. 16, 1984.

CHANDLER, Justice:

These appeals are from a Family Court Order which granted Appellant-Husband an annulment and awarded Respondent-Wife attorney's fees and real and personal property of the marriage.

We affirm.

The single question presented is whether a Family Court which grants an annulment has jurisdiction to resolve all other issues presented. We hold it does.

Husband commenced this action for annulment, alleging that at the time of their marriage on October 16, 1979, there was an existing marriage between his wife and one B. C. Searles. Wife counterclaimed for a divorce on the ground of physical cruelty, seeking alimony, attorney's fees and equitable distribution of real and personal property of the marriage.

While dismissing the Wife's counterclaim for a divorce on physical cruelty grounds, the Court proceeded to consider her claims for equitable distribution of real and personal property and for attorney's fees.

Both parties agree that S. C. Code Ann. § 20-7-420(6) (1976 & Supp. 1983) gives to the Family Court exclusive jurisdiction over annulment proceedings. Husband contends, however, that once the decision to annul is reached, Family Court jurisdiction ends absolutely, so that the Family Court lacked jurisdiction to consider matters raised in Wife's counterclaim. We disagree.

Section 20-7-420 provides that the Family Court shall have exclusive jurisdiction:

(2) To hear and determine actions:

> For divorce *a vinculo matrimonii*, separate support and maintenance, legal separation, *and in other marital litigation between the parties*, and for settlement of all legal and equitable rights of the parties in such actions in and to the real and personal property of the marriage and attorney's fees, if requested by either party in the pleadings. (Emphasis supplied).

(6) To hear and determine actions for the annulment of marriage.

(30) To make any order necessary to carry out and enforce the provisions of this chapter, and to hear and determine any questions of support, custody, separation or any other matter over which the court has jurisdiction, without the intervention of a jury.

When subsections (2) and (30) are read with subsection (6) the legislative intent that Family Courts shall consider and rule upon all matters in an annulment action, as in a divorce proceeding, is clear.

Beyond the language in § 20-7-420(2), (6) and (30), our holding is consistent with that in *Moseley v. Mosier*, 279 S. C. 348, 306 S. E. (2d) 624 (1983). While the issue in *Moseley, supra*, involved a separation agreement, we held that jurisdiction for all domestic matters vests in the Family Court.

Accordingly, judgment is affirmed.

LITTLEJOHN, C. J., and NESS, GREGORY and HARWELL, JJ., concur.