23842

Nathaniel P. SPLAWN, Respondent v. Louvenia SPLAWN, Appellant.

(429 S.E. (2d) 805)

Supreme Court

*J. Patricia Anderson*, Spartanburg, *for appellant.*

*Robert S. French*, Spartanburg, *for respondent.*

Heard March 11, 1993.

Decided April 19, 1993.

CHANDLER, Justice:

The sole issue in this domestic matter is whether Family Court has subject-matter jurisdiction to equitably distribute property of a bigamous marriage.

We hold that it does and, accordingly, affirm.

## FACTS

The parties, Nathaniel and Louvenia Splawn (Husband and Wife), were "married" in April, 1961. Unbeknownst to either, Husband had not been divorced from a first marriage which occurred in 1955.[1]

Husband and Wife continued the marriage until their separation in 1990, at which time Wife instituted divorce proceedings on the ground of physical cruelty. The divorce was denied for failure of proof; Family Court, however, ordered that the property of the parties be equitably distributed, 60% to Wife and 40% to Husband.

Husband subsequently instituted this action for divorce on the ground of one year's continuous separation; his Complaint sought enforcement of the previous equitable distribution Order. In her Answer, Wife alleged recent discovery of Husband's prior, undissolved marriage. She contended (a) that their marriage was void, (b) that Husband was not entitled to a divorce, and (c) that since the marriage was void, Family Court was without jurisdiction to equitably distribute the property.

Family Court found that the parties' marriage was "not

---

[1] Husband testified that he had retained an attorney to obtain a divorce. For reasons unknown, a decree of divorce was never finalized.

legal" but, nevertheless, ordered Wife to comply with the Order of Equitable Distribution. Wife appeals.

## DISCUSSION

This case is controlled by our opinion in *White v. White*, 283 S.C. 348, 323 S.E. (2d) 521 (1984). In *White*, the Husband was granted an annulment based upon his discovery that, at the time of his marriage to Wife, she was married to another man. Husband contended that "once the decision to annul is reached, Family Court jurisdiction ends absolutely." 283 S.C. at 349, 323 S.E. (2d) at 522. We rejected this contention and held that S.C. Code Ann. § 20-7-420 (6) (1985) vests Family Court with jurisdiction to consider and rule upon *all* matters in annulment actions.

There is no legal distinction between a marriage which is annulled and one terminated by reason of bigamy.

Legally, they are both void *ab initio*, "from the inception." *See Day v. Day*, 216 S.C. 334, 58 S.E. (2d) 83 (1950); S.C. Code § 20-1-80 (1985); *Black's Law Dictionary*, 83 (5th Ed. 1979).

Wife contends that the public policy of this State will be violated by rewarding one who may *willfully* commit bigamy with the protections and benefits of the equitable distribution statute. We disagree. The statute, § 20-7-472(2) and (15) (Cum. Supp. 1992), accords Family Courts discretion to consider misconduct, fault, and "such other relevant factors" as it deems appropriate. Accordingly, where a spouse knowingly commits bigamy,[2] the Family Court shall consider such bad conduct in determining the equitable distribution.

Affirmed.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.

---

[2] There is no evidence in the record that Husband in the present case knowingly entered a bigamous relationship; remand for redetermination of equitable distribution is therefore unnecessary .