604 S.E.2d 399

**Janet F. RODMAN (FRIED), Respondent,**

v.

**John R. RODMAN, Appellant.**

**No. 3875.**

Court of Appeals of South Carolina.

Submitted Sept. 14, 2004.

Decided Oct. 18, 2004.

Edwin W. Rowland, of Hilton Head Island, for Appellant.

Janet F. Rodman, of Hilton Head Island, pro se, for Respondent.

WILLIAMS, J.:

John R. Rodman, Jr. ("Husband") appeals a family court denial of his motion to vacate a previous order, which, by the adoption of an agreement between Husband and Janet F. Rodman ("Wife"), awarded Wife "reimbursement alimony."

Husband argues that, because the family court lacked subject matter jurisdiction, the judgment is void; therefore the family court erred in denying the motion as time barred under Rule 60(b), SCRCP. We disagree.

## FACTS/PROCEDURAL HISTORY

Husband and Wife participated in a marriage ceremony on August 19, 1999. Husband, however, was not legally divorced from his prior spouse (his fifth wife) until August 31, 1999. In September 2001, Wife discovered Husband was still married to another woman on the date of their marriage.[1] Since this discovery, the parties have lived separate and apart from one another.

In November 2001, the parties, voluntarily and with ample opportunity to seek the advice of counsel, entered into a written settlement agreement. Although not officially represented by counsel until later, Husband was aided during the agreement negotiations by an attorney and family friend, who helped him draft some documents. The parties agreed in writing, *inter alia*, to the following:

1. Husband was not legally divorced from his previous wife at the time of their marriage; thus, an annulment was appropriate.

2. The written agreement constituted "a final permanent settlement between them with respect to the division of all their property, both real and personal, and with respect to any and all rights of support and all other rights and obligations."

3. The agreement "is not conditioned upon the obtaining of divorce, but instead is intended to be a complete and full settlement between the parties independent of the obtaining of a divorce."

Under the heading "ALIMONY/INSURANCE," Wife agreed to accept $150,460 payable in 120 monthly increments of $2,158, as "reimbursement alimony" for debt Husband

---

1. Husband claims he told Wife about this inadvertent mistake immediately upon realizing it himself. Wife claims she discovered a record of the final divorce date in a stack of Husband's papers and Husband became verbally and physically abusive when confronted with the evidence.

allegedly accrued in her name during their marriage. These payments are addressed again in the agreement, under the heading "DIVISION OF PERSONAL DEBT," as follows:

The parties agree that Wife shall pay debt in her name, however she is depending on the Spousal support payment from Husband to make all the payments. Husband must pay Wife her alimony in a timely fashion so that she can pay the debt he incurred during the marriage.

On March 1, 2002, the family court granted Wife a decree of separate support and maintenance,[2] which fully incorporated the written agreement. Although properly served with the summons, complaint, and notice of the final hearing, Husband did not attend the hearing which led to this family court order.

On March 28, 2003, more than one year following the order, Husband filed a motion to vacate the family court's decree of separate support and maintenance on the ground that the marriage was void *ab initio* and, as a result, any agreement entered into regarding alimony is null and void. Pursuant to Rule 60(b), SCRCP, the family court denied Husband's motion to vacate on the ground that it was filed more than one year after the date of the initial order. This appeal followed.

### SCOPE OF REVIEW

■ On appeal from the family court, this court has jurisdiction to find the facts in accordance with its own view of the preponderance of the evidence. *Murdock v. Murdock*, 338 S.C. 322, 328, 526 S.E.2d 241, 244–45 (Ct.App.1999). This court, however, is not required to disregard the family court's findings; nor should we ignore the fact that the family court judge, who saw and heard the witnesses, was in a better position to evaluate their testimony. *Badeaux v. Davis*, 337 S.C. 195, 202, 522 S.E.2d 835, 838 (Ct.App.1999); *Smith v. Smith*, 327 S.C. 448, 453, 486 S.E.2d 516, 519 (Ct.App.1997).

### LAW/ANALYSIS

■ Husband argues the family court erred by denying his motion as time barred under Rule 60(b), SCRCP. Husband

---

**2.** In what appears to be nothing more than a simple mistake, the decree of separate support and maintenance is referenced once in the order as a "final order of divorce."

bases this argument on the proposition that the family court lacked subject matter jurisdiction to adopt the property agreement; thus, the judgment was void. We disagree.

Rule 60(b), SCRCP, reads:

> On motion ... the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud, misrepresentation, or other misconduct ...; (4) the judgment is void; (5) the judgment has been satisfied....

The rule continues, "[t]he motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment or proceeding was entered or taken." Rule 60(b), SCRCP.

It is undisputed that Husband's motion to vacate was filed more than one year following the entry of the family court's order; thus, to be considered timely under the rule, the motion must be based on either subsection (4) or (5). Because Husband makes no claim that the judgment has been satisfied, the sole issue before this court is whether the family court order is "void" under the rule. *See* Rule 60(b)(4), SCRCP.

The definition of "void" under Rule 60(b) "only encompasses judgments from courts which failed to provide proper due process, or judgments from courts which lacked subject matter jurisdiction or personal jurisdiction." *McDaniel v. U.S. Fid. and Guar. Co.*, 324 S.C. 639, 644, 478 S.E.2d 868, 871 (Ct.App.1996). Husband argues the family court erred in applying the one-year deadline to his motion because the family court lacks subject matter jurisdiction to adopt a property agreement incident to a marriage that was void *ab initio*.[3] He contends that, because of this alleged lack of subject matter jurisdiction, the family court order is void, thus the family court should have applied the "reasonable time" standard of Rule 60(b)(4), and not the one-year limit of subsection (1), (2), and (3).

Because the property agreement was adopted by the family court in response to Wife's petition for annulment and

---

**3.** Husband makes no allegation that the family court lacked personal jurisdiction or failed to provide proper due process.

decree of separate support and maintenance, we find Husband's argument to be without merit. It has long been established that S.C.Code Ann. § 20–7–420(6) (1976 & Supp. 2003) grants the family court exclusive jurisdiction over annulment proceedings. *White v. White*, 283 S.C. 348, 349, 323 S.E.2d 521, 522 (1984). Furthermore, this jurisdiction extends, not just to the issue of the actual annulment, but to "all matters in an annulment action, as in a divorce proceeding," including the equitable distribution of property. *Id.*, 283 S.C. at 350, 323 S.E.2d at 522; *see also* S.C.Code Ann. § 20–7–420(30) (1976 & Supp.2003) (granting the family court exclusive jurisdiction "to hear and determine any questions of support, custody, separation, or any other matter over which the court has jurisdiction.").

█ There is no legal distinction between a marriage which is annulled and one terminated by reason of bigamy, as they are both void *ab initio*, or "from the inception." *Splawn v. Splawn*, 311 S.C. 423, 425, 429 S.E.2d 805, 806 (1993). In fact, the South Carolina Supreme Court has specifically held the family court has subject matter jurisdiction to equitably distribute property in a bigamous marriage. *Id.*, 311 S.C. at 424, 429 S.E.2d at 806. Following the analysis of *White* and *Splawn*, we find the family court had subject matter jurisdiction to adopt the agreement of the parties. Because the family court had subject matter jurisdiction to decide the matter, Husband's motion to vacate the order was untimely under Rule 60(b), SCRCP.

## CONCLUSION

Because Husband's motion to vacate was untimely, the family court properly denied the motion. The decision of the family court is therefore

**AFFIRMED.**

GOOLSBY and ANDERSON, JJ., concur.