THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Gladys R. Myers, Appellant,
v.
Joe O. Myers, Respondent.
 
 
 

Appeal From Florence County
 Wylie H. Caldwell, Jr., Family Court Judge

Unpublished Opinion No. 2005-UP-456
Heard June 16, 2005  Filed July 19, 2005

REVERSED

 
 
 
 Cheryl Turner Hopkins, of Florence, for Appellant.
Stephanie P. McDonald, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Gladys Myers (Wife) appeals a family court order that requires Wife and Joe Myers (Husband) to resolve the division of a certificate of deposit or submit to a new trial regarding the equitable division of their marital property.  We reverse. 
 In its February 26, 2004 divorce decree, the family court ordered Husband to pay Wife $250.00 per month in alimony and ordered the couples marital property to be divided pursuant to an agreement between the parties.  The order indicated the parties agreed to the assets included in the list of marital property.  The list included the couples accounts, one of which was the Seaboard Trust CD Account #1980-81 in the amount of $37,012.41.  According to the order, Wife was to receive the entire amount of the Seaboard Trust CD account.  The order also provided that Husband, who maintained that two of their accounts were non-marital,[1] would provide documentation to establish the accounts were non-marital, or the court would deem them marital property and subject the accounts to an equitable division.  Neither party made any post-trial motions.
 On May 7, 2004, Wife filed a rule to show cause after Husband failed to comply with the family courts order.  On June 21, 2004, after deciding the Husband did not understand the terms of the agreement, the family court judge gave the parties 30 days to investigate the source of the Seaboard Trust CD and to submit a consent order resolving the division.  The judge further ruled that if the parties were unable to resolve the division, the equitable division portion of the order was to be set aside and a new trial was to be ordered on the issue of equitable division.  This appeal followed.
 STANDARD OF REVIEW
 On appeal from an order of the family court, this court has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence.  Hopkins v. Hopkins, 343 S.C. 301, 304, 540 S.E.2d 454, 456 (2000).  Nevertheless, this broad scope of review does not require this court to ignore the findings of the family court.  Haselden v. Haselden, 347 S.C. 48, 58, 552 S.E.2d 329, 334 (Ct. App. 2001).  Neither are we required to ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  Id.  Furthermore, [t]he apportionment of marital property will not be disturbed on appeal absent an abuse of discretion.  Deidun v. Deidun, 362 S.C. 47, 58, 606 S.E.2d 489, 495 (Ct. App. 2004).
 LAW/ANALYSIS
 Wife argues the family court abused its discretion when it sua sponte ordered a new trial on the issue of equitable division at a hearing on a rule to show cause.  We agree.
 The [family] courts order as it affects distribution of marital property shall be a final order not subject to modification except by appeal or remand following proper appeal.  S.C. Code Ann. § 20-7-472 (Supp. 2004).  Failure to challenge the ruling is an abandonment of the issue and precludes consideration on appeal. 
 Lindsay v. Lindsay, 328 S.C. 329, 338, 491 S.E.2d 583, 588 (Ct. App. 1997) (quoting Biales v. Young, 315 S.C. 166, 168, 432 S.E.2d 482, 484 (1993)).  The unchallenged ruling, right or wrong, is the law of the case and requires affirmance.  Id. (quoting Buckner v. Preferred Mut. Ins. Co., 255 S.C. 159, 161, 177 S.E.2d 544, 544 (1970)).  Furthermore, this court has held that a family court judge does not have the authority to alter or amend a judgment, sua sponte, once the judgment is more than 10 days old.  Heins v. Heins, 344 S.C. 146, 157, 543 S.E.2d 224, 229 (Ct. App. 2001).
 Husband did not object to the family courts classification of the Seaboard Trust CD as marital property and consented to its inclusion as marital property in the settlement agreement.  Husband cannot now object, nor could he at the rule to show cause hearing because he failed to file any timely post-trial motions.[2]  See, e.g., Wood v. Wood, 298 S.C. 30, 32, 378 S.E.2d 59, 61 (Ct. App. 1989) (The failure to challenge the valuation of the residence in the prior appeal forecloses Dr. Wood from challenging it now.).  Husbands failure to file any post-trial motions and the family courts lack of continuing jurisdiction in the matter precluded the family court from vacating its prior order.[3] 
 REVERSED.
 HEARN, C.J., BEATTY, and SHORT, JJ., concur.

[1] Husband claimed that the Hilliard Lyons Account #61427207 in the amount of $77,908.31 and the Hilliard Lyons Account #61427908 in the amount $45,602.38 were non-marital assets.
[2] The family court judge even commented at the hearing, So theres no motion to amend the order or anything?  
[3] Although a court may relieve a party from final judgment pursuant to Rule 60(b)(1), SCRCP, Husband did not file a Rule 60 motion.  See, e.g., Deidun, 362 S.C. at 63, 606 S.E.2d at 498 (granting Rule 60 relief to a husband, who made a Rule 60 motion and who had justifiablyyet mistakenlyrelied on his accountants figures, in a matter that did not adversely impact the wife).  Without a timely motion, Husband is not entitled to relief.  See Rodman (Fried) v. Rodman, 361 S.C. 291, 294-96, 604 S.E.2d 399, 401-02 (Ct. App. 2004) (discussing the timeliness of motions under Rule 60(b)).