The South Carolina Court of Appeals

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Bonnie Thompson, Respondent,
v.
 Richard Russell, Irma Ruth Mabry k/n/a Irma Ruth Russell, individually and As Personal Representative of the Estate of Richard Russell, Defendants,
 of whom Irma Ruth Mabry k/n/a Irma Ruth Russell, individually and As Personal Representative of the Estate of Richard Russell is
 Appellant.
 
 
 

Appeal From York County
S. Jackson Kimball, III, Special Circuit Court Judge

Unpublished Opinion No. 2007-UP-133
Submitted March 1, 2007  Filed March 29, 2007

AFFIRMED

 
 
 
LeRoy Pendleton, of Clover, for Appellant.  
Daniel Dominic DAgostino, of York, for Respondent.
 
 
 

PER CURIAM:  Irma Ruth Russell (Irma) appeals the master in equitys determination regarding the priority of liens against property in the estate of Richard Russell (Richard).[1]  We affirm.[2]
FACTS
Irma and Richard cohabitated in a romantic relationship beginning in 1995.  Richard was married to Vivian Russell at the time and did not obtain a divorce from Vivian until November of 2001.  In April 2002, Irma and Richards relationship ended, and Irma filed suit in family court seeking a division of marital assets alleging that she and Richard had entered into a common law marriage.  The order from the family court indicated that while it had personal jurisdiction over the parties, the issue of subject matter jurisdiction was not determined.  Nevertheless, the order included a property settlement agreement between the two.  The parties acknowledged that Irma had no interest in real property located at 930 St. Paul Church Road in Clover and that money from the sale of property located at 102 Jamestown Circle in Clover would be held in escrow by Richards attorney.  The agreement further stated that Richard would pay Irma a total of $64,700.00 once the sale of the real estate and automobiles listed in the agreement was complete.  The agreement indicated that it was a complete contractual resolution of the parties claims and would be enforceable as a contract in the event that either party later raised the issue of subject matter jurisdiction as a defense in any enforcement action. (emphasis added). 
In December of 2003, Bonnie Thompson (Thompson) obtained a default judgment against Richard in the York County Circuit Court for $58,197.81.  She went through the process of attempting to execute on the judgment, including holding supplemental proceedings to determine Richards assets.  Richard never cooperated with this process, and eventually, the circuit court ordered the properties at 930 St. Paul Church Road and 102 Jamestown Circle sold to satisfy the judgment.   
When the properties were scheduled for sale, Irma sought a determination that she had a superior interest in the properties.  Thompson also moved to determine the priority of her judgment lien, and the case came before the master in equity.  The master granted summary judgment to Thompson on two grounds.  First, he determined the family court order did not create a lien, because the agreement was only in the nature of a contract between the parties.  Second, he held the family court had no jurisdiction over the matter.  Irma appeals.
STANDARD OF REVIEW
Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law.[3]  Rule 56, SCRCP.  Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law.  Gadson v. Hembree, 364 S.C. 316, 320, 613 S.E.2d 533, 535 (2005).  The purpose of summary judgment is to expedite disposition of cases which do not require the services of a fact finder.  George v. Fabri, 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001).
LAW/ANALYSIS
The master determined that Thompsons judgment had priority over any lien asserted by Irma for two reasons, and this court can affirm on either or both grounds.  See IOn, L.L.C. v. Town of Mt. Pleasant, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000) (holding the decision to address any additional sustaining grounds is within the discretion of the appellate court).  
First, Irma argues that the master failed to consider various rules of civil procedure and statutes in determining the family courts order did not create a lien in her favor.  We disagree.  Irma relies on Rules 54 and 58 of the South Carolina Rules of Civil Procedure for the proposition that any order set forth by the court automatically constitutes a judgment and that such judgment automatically becomes a lien on the debtors real property pursuant to Section 15-35-810 of the South Carolina Code.  Rule 54 defines a judgment to include any decree or order which dismisses the action as to any party or finally determines the rights of any party.  Rule 54(a), SCRCP.  Rule 58 states the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment . . . .  Rule 58, SCRCP.  S.C. Code Ann. Section 15-35-810 (Rev. 2005) indicates that final judgments and decrees entered in any court of record in this State . . . shall be declared to create a lien . . . .
While the law is correctly cited by Irma, the order merely affirms the contractual arrangement between the parties that Richard will pay Irma $64,700.00.  It acknowledges the existence of the agreed-upon obligation, but does not go the additional step of concluding that the debt was due and unpaid giving rise to a judgment or lien.  Thompson, on the other hand, reduced the debt owed her by Richard to a money judgment.  She then went through the process of executing on the unsatisfied judgment.  Consequently, under the long-established law in this state, her judgment has priority over any claim Irma may have in the properties.  See King v. Fraser, 23 S.C. 543, 565 (1885) (It is certainly the general rule that a bona fide lien . . . has priority over all debts which are then unsecured . . . .) 
Irma also contends that the master lacked subject matter jurisdiction to declare an order of the family court void.  We affirm the masters determination as an alternative sustaining ground.  The record shows that Richard was legally married to Vivian Russell during the great majority of the time he cohabitated with Irma.  This impediment would have prevented the parties from establishing a common law marriage during the term of the existing marriage, and their separation soon after the divorce makes proving the existence of a marriage much less likely.  See Johns v. Johns, 309 S.C. 199, 201-02, 420 S.E.2d 856, 858 (Ct. App. 1992) (In South Carolina, . . . [a] relationship illicit at its inception does not ripen into a common law marriage once
the impediment to marriage is removed. Instead, the law [in this State] presumes that the relationship retains its illicit character after removal of the impediment.) (internal citations omitted).  
Irma could have attempted to show that the parties relationship became marital in nature after Richards divorce from Vivian, but there is no evidence in the record before us to support such a determination.  See Yarbrough v. Yarbrough, 280 S.C. 546, 551, 314 S.E.2d 16, 19 (Ct. App. 1984) (holding that an agreement to enter a common law marriage after an impediment is removed may be established by the parties conduct).  
Where there is no marriage, the family court is without jurisdiction to make determinations regarding property.  See Hallums v. Bowens, 318 S.C. 1, 3, 428 S.E.2d 894, 895 (Ct. App. 1993) (The family courts of this state have jurisdiction to deal with family problems. It has no jurisdiction to settle property disputes between unmarried people.).
Furthermore, the parties asked the master to determine the priority of the claims.  Irmas claim was derived from a family court order.  To accomplish his assigned task, the master had to consider the nature and validity of Irmas claim.  The master did not make a ruling about the division of marital property.  Such a ruling is within the province of the family court.  S.C. Code Ann. § 20-7-420(A)(2) (Supp. 2006).  The master considered the validity of an order allegedly giving rise to a lien in a dispute over the priority of claims.  Such a case clearly falls within the general class of questions the master is empowered to answer.  See Rule 53, SCRCP (discussing the types of cases the master is empowered to hear). 
 AFFIRMED.
HEARN, C.J., GOOLSBY, and STILWELL, JJ., concur.

[1]  Richard Russell died after the institution of this litigation, and Irma was appointed personal representative of his estate.
[2]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[3]  The master properly treated Irmas claim as a motion for summary judgment, because the determination of the priority of the claims would be conclusive of the entire matter.