666 S.E.2d 906

**Phyllis J. LUKICH, Petitioner,**

v.

**George Peter LUKICH, Respondent.**

**No. 26541.**

Supreme Court of South Carolina.

Heard June 26, 2008.

Decided Sept. 8, 2008.

Rehearing Denied Oct. 9, 2008.

---

590

Donald Bruce Clark and Margaret D. Fabri, both of Charleston, for Petitioner.

Peter D. DeLuca, Jr., of DeLuca & Maucher, of Goose Creek, for Respondent.

Justice PLEICONES.

The Court granted certiorari to consider a Court of Appeals' decision affirming, by a vote of 2–1, a family court order holding that petitioner (Wife) was barred from using an order annulling her first marriage as a defense to respondent's (Husband # 2) allegation that their marriage was bigamous.

*Lukich v. Lukich,* 368 S.C. 47, 627 S.E.2d 754 (Ct.App.2006). We affirm.

## FACTS

In 1973, Wife married Husband # 1. They never lived together, but never divorced. In 1985, Wife and Husband # 2 participated in a marriage ceremony. In 2002, Wife filed an action seeking separate support and maintenance and ancillary relief from Husband # 2. During the course of discovery, Husband # 2 learned Wife had never been divorced from Husband # 1, although she had filed but never served a complaint in 1973. In 2003, Husband # 2 filed an action seeking to declare their marriage void as bigamous. After that action was filed, Wife filed a separate suit seeking an annulment of her marriage to Husband # 1. This case was expedited [1] and an order granting an annulment filed October 31, 2003.

Wife then filed a motion to dismiss Husband # 2's bigamy action based on the October 31, 2003, order granting her an annulment and declaring her first marriage void *ab initio.* The family court held Wife was "barred from defending against [Husband # 2's] action to void the parties [sic] marriage on the basis of the Order of Annulment ...," Wife appealed, and the Court of Appeals affirmed.

## ISSUE

Did the Court of Appeals err in affirming the family court's decision that Wife could not assert her annulment to defeat Husband # 2's bigamy claim?

## ANALYSIS

■ The Court of Appeals majority affirmed the family court, relying primarily on S.C.Code Ann. § 20–1–80 (Supp. 2007), titled "Bigamous marriage shall be void: exceptions":

All marriages contracted while either of the parties has a former wife or husband living shall be void. But this section shall not extend to a person whose husband or wife

---

1. The complaint was filed October 21, 2003, the hearing was held October 31, 2003, and the order annulling that marriage signed the same day as the hearing.

shall be absent for the space of five years, the one not knowing the other to be living during that time, not [sic] to any person who shall be divorced or whose first marriage shall be declared void by the sentence of a competent court.

We agree with the Court of Appeals that this statute is dispositive of Wife's claim.

Under the statute, since Wife's Husband # 1 was still living in 1985, her purported marriage to Husband # 2 was void unless one of the three statutory exceptions is met. The first exception, the five year abandonment clause is not implicated here, nor is the second, since Wife was not divorced from Husband # 1. Wife relies upon the third exception, which excepts from the bigamy definition an individual "whose first marriage shall be declared void by the sentence of a competent court."

The question is whether the October 2003 annulment order declaring Wife's first marriage void *ab initio* relates back so as to validate her purported 1985 marriage. In construing a statute, we need not resort to rules of construction where the statute's language is plain. *Tilley v. Pacesetter Corp.*, 355 S.C. 361, 585 S.E.2d 292 (2003). Under the statute's terms, Wife's "marriage" to Husband # 2 was "void" from the inception since at the time of that marriage she had a living spouse and that marriage had not been "declared void." § 20–1–80.

While an annulment order relates back in most senses, it does not have the ability to validate the bigamous second "marriage." Since there was no marriage under the plain terms of the statute when the ceremony between Wife and Husband # 2 was performed in 1985, there was nothing to be "revived" by the annulment order in 2003. *See e.g., Day v. Day*, 216 S.C. 334, 58 S.E.2d 83 (1950) ("A mere marriage ceremony between a man and a woman, where one of them has a living wife or husband, is not a marriage at all. Such a marriage is absolutely void, and not merely voidable") [2]; *Howell v. Littlefield*, 211 S.C. 462, 46 S.E.2d 47 (1947) ("[Hus-

---

2. Wife would distinguish *Day* since it involves the first exception to the bigamy statute rather than the third. What is important about *Day* is not the exception, but rather the rule: the bigamous marriage is not a marriage at all.

band's] existing marriage ... incapacitated him ... to contract another marriage...."). The statute speaks to the status quo at the time the marriage was contracted, and does not contemplate either a prospective or a retroactive perspective. Any other construction of § 20–1–80 would lead to uncertainty and chaos.

Moreover, under South Carolina's current view of bigamy, the family court has jurisdiction to decide all ancillary matters where it annuls a marriage and declares it void *ab initio*. *Rodman v. Rodman*, 361 S.C. 291, 604 S.E.2d 399 (Ct.App.2004). It would be inconsistent at best to hold that a marriage declared void *ab initio* never existed for bigamy purposes, yet can serve as the foundation for a family court's division of property, alimony, and/or child support. The Court of Appeals correctly affirmed the family court ruling on this issue.

## CONCLUSION

The decision of the Court of Appeals is

**AFFIRMED.**

TOAL, C.J., MOORE, BEATTY, JJ., and Acting Justice GEORGIA V. ANDERSON, concur.