**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Marty W. Shaw, Respondent,

v.

Vickie A. Shaw, Appellant.

Appellate Case No. 2014-001243

---

Appeal From Chesterfield County
Salley Huggins McIntyre, Family Court Judge

---

Unpublished Opinion No. 2016-UP-380
Submitted May 1, 2016 – Filed July 27, 2016

---

**AFFIRMED**

---

Melvin Wayne Cockrell, III, and Sarah Crawford Campbell, both of Cockrell Law Firm, P.C., of Chesterfield; and Andrew McLeod Privette, of Hartsville, for Appellant.

Robbie Forrester Gardner, III, of Rob F. Gardner, III, PC, of Hartsville, for Respondent.

---

**PER CURIAM:** Vickie A. Shaw appeals the family court's order annulling her marriage to Marty W. Shaw. On appeal, Vickie argues the family court erred by

(1) not recognizing the presumption in favor of a marriage, thus improperly shifting the burden on Vickie to prove a valid marriage, (2) improperly interpreting the Uniform Divorce Recognition Act,[1] and (3) failing to apply equitable estoppel. We affirm pursuant to Rule 220(b), and the following authorities:

1.  As to Vickie's first issue:  S.C. Code Ann. § 20-1-80 (2014) ("All marriages contracted while either of the parties has a former wife or husband living shall be void."); *id.* ("[T]his section shall not extend . . . to any person who shall be divorced or whose first marriage shall be declared void by the sentence of a competent court."); *Lukich v. Lukich*, 368 S.C. 47, 52, 627 S.E.2d 754, 756 (Ct. App. 2006) ("A person who is married cannot enter into a valid marriage by participating in a marriage ceremony with a new person."), *aff'd*, 379 S.C. 589, 666 S.E.2d 906 (2008); *Hallums v. Hallums*, 74 S.C. 407, 410-11, 54 S.E. 613, 613-14 (1906) ("[T]here is no unbending presumption in favor of a second marriage or of the innocence of the parties, but, on the contrary, . . . the decision of any particular case must rest on its own attending facts and circumstances.  Moreover, it is believed that little force should be given this artificial presumption in order to meet the exigencies of a given case. . . . [I]t may be considered as settled that such a presumption, in a proper case, may be indulged.  However, the presumption of the dissolution of a prior marriage, whether by death or divorce, should be indulged with caution. . . . In case there is a conflict of presumption, it would appear more reasonable that that one should yield which has the least probability to sustain it, rather than that the one in favor of innocence and of the validity of the subsequent marriage should prevail."  (quoting 89 Am. St. Rep. 200, 206)); *Yarbrough v. Yarbrough*, 280 S.C. 546, 550, 314 S.E.2d 16, 18 (Ct. App. 1984) (determining the party that "was less at fault in bringing about the present controversy . . . should not bear the burden of proving [the other party's] prior marriages were nonexistent").

2.  As to Vickie's second issue:  *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court does not need to address remaining issues when disposition of a prior issue is dispositive).

3.  As to Vickie's third issue:  Rule 12(b), SCRCP ("Every defense, in law or fact, to a cause of action in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto . . . .");

---

[1] S.C. Code Ann. §§ 20-3-410 to -440 (2014).

*Wright v. Craft*, 372 S.C. 1, 21, 640 S.E.2d 486, 497 (Ct. App. 2006) ("[E]stoppel must be affirmatively [pleaded] as a defense and cannot be bootstrapped onto another claim." (alterations in *Wright*) (quoting *Collins Entm't, Inc. v. White*, 363 S.C. 546, 562, 611 S.E.2d 262, 270 (Ct. App. 2005))).

**AFFIRMED.**[2]

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.